UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| NATALIE KUHR, on behalf of herself and all other similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MAYO CLINIC JACKSONVILLE, a Florida not for profit corporation, and PROFESSIONAL SERVICE BUREAU, INC., a foreign corporation, )<br>)<br>Defendants. ) | Case No.<br><br>Class Representation |

## NOTICE OF REMOVAL

**TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA (JACKSONVILLE DIVISION)**

Defendant Professional Service Bureau, Inc. ("PSB" or "Defendant") hereby gives notice of its removal of the above-captioned action, Case No. 2019-CA-000218, currently pending in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division. Removal is based on 28 U.S.C. §§ 1331, 1367, and 1441(a), as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), and authorized by 28 U.S.C. § 1453, and on 28 U.S.C. § 1331.

As grounds for removal, PSB states as follows:

BACKGROUND

1. On or about January 9, 2019, plaintiff Natalie Kuhr ("Plaintiff"), on behalf of herself, and purportedly on behalf of a putative, statewide class of similarly situated individuals from Florida, filed a Complaint in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida (the "State Court Action"). The State Court Action was assigned Case No. 2019-CA-000218. PSB was served with the Complaint on March 21, 2019.

2. Plaintiff alleges that Defendant Mayo Clinic Jacksonville ("Mayo") billed and collected every dollar it was entitled to from Plaintiff's insurance company, and then attempted to collect the remainder, and in excess of the amount permitted by Florida Law, directly from Plaintiff individually. Compl., ¶2 (Dkt. 3)[1]. Plaintiff further alleges that PSB [on behalf of Mayo] sent Plaintiff correspondence on two (2) occasions: (1) May 10, 2018, and (2) June 28, 2018, seeking to collect the illegitimate debt. *Id.*, ¶ 39.

3. Upon information and belief, Plaintiff is, and at all relevant times has been, a citizen of the State of Florida. *Id.*, ¶ 4.

4. The Complaint asserts claims against PSB for alleged violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, § 559.72, Fla. Stat. ("FCCPA"), on behalf of Plaintiff and a putative class consisting of:

---

[1] Defendant's references to Dkt. _ refers to the relevant docket number in the State Court Action. The State Court Action docket sheet and all documents filed of record in that action are attached hereto as part of **Exhibit A**.

> All Florida residents who, within two (2) years preceding the filing of this action through the date of class certification, were charged medical-related fees in excess of the amount allowed under Fla. Stat. § 627.736(5)(a)(4), by Defendant Mayo and/or a third party acting on Defendant's behalf.
>
> **FDCPA SUBCLASS**
>
> All Florida residents who, within one (1) year preceding the filing of this action through the date of class certification, received correspondence from Defendant PSB attempting to collect medical-related fees in excess of the amount allowed under Fla. Stat. § 627.736(5)(a)(4).

*Id.*, ¶ 46.

5. The Complaint alleges that this action seeks damages in excess of $15,000, but does not plead a specific damages amount. *Id.*, ¶ 3. It further prays for additional categories of relief, including statutory damages, attorneys' fees, and costs. *Id.*, ¶ 50.

## STATUTORY REQUIREMENTS
## FEDERAL QUESTION JURISDICTION

6. Under 28 U.S.C. §1331, removal is appropriate if the civil action arose under the Constitution, laws, or treaties of the United States.

7. That requirement was met in this case, because Plaintiff brought an action pursuant to the FDCPA, 15 U.S.C. §§ 1692, *et seq.*

8. This court also has supplemental jurisdiction of Plaintiff's FCCPA claims pursuant to 28 U.S.C. § 1367, because such claims are so related to the FDCPA claim that they form part of the same case or controversy under Article III of the United States Constitution. Not only is Plaintiff's FCCPA claim against PSB premised upon the same facts and occurrences as Plaintiff's FDCPA claim against PSB, but Plaintiff's claims against PSB are wholly contingent upon Plaintiff's claim against Mayo. In order for Plaintiff to prove

4822-2337-8324.1

that PSB was attempting to collect on an invalid debt, Plaintiff must first prove that Mayo did not have the right to collect the debt.

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

9. <u>Removal to Proper Court</u>. This Court is part of the "district and division" embracing the place where this action was filed –Jacksonville, Duval County, Florida. 28 U.S.C. § 1446(a). This case is properly removed to the Jacksonville Division because it "encompasses the county of the State in which the [State Court Action] was pending." M.D. Fla. Local Rule 4.02(a).

10. <u>Removal is Timely</u>. PSB was served with a Summons and a copy of the Complaint on March 21, 2019. Receipt of the Summons and Complaint was the first notice of the State Court Action and/or federal jurisdiction received by PSB. This Notice of Removal is being filed with the United States District Court for the Middle District of Florida (Jacksonville Division) on April 22, 2019, within 30 days after receipt of the State Court Action Summons and Complaint by PSB. 28 U.S.C. § 1446(b) (notice of removal must be filed "within 30 days after receipt by defendant, through service or otherwise, of a copy of the initial pleading").

11. <u>Pleadings and Process</u>. Copies of all process, pleadings, orders, and other papers or exhibits of any kind on file with the state court are attached hereto as **Exhibit A**, in compliance with 28 U.S.C. § 1446(a) and M.D. Fla. Local Rule 4.02(b). Defendant has paid the appropriate filing fee to the Clerk of this Court upon filing this Notice of Removal.

12. <u>Notice</u>. Attached hereto as **Exhibit B** is a copy (without exhibits) of the Notice of Removal to All Adverse Parties ("Notice to Adverse Parties"). PSB will promptly

4
4822-2337-8324.1

serve the Notice to Adverse Parties (with exhibits) upon Plaintiff's counsel and file the original with the Clerk of the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. 28 U.S.C. §§ 1446 (a), (d). PSB will also file, with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, a Notice of Filing of Notice of Removal pursuant to 28 U.S.C. § 1446(d).

13. <u>Consent to Removal</u>. Mayo has consented to the removal of this action and a copy of its Consent to Removal is attached hereto as **Exhibit C**.

14. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. 28 U.S.C. § 1446(a).

15. <u>Bond and Verification</u>. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1998, no bond is required in connection with this Notice of Removal. Further, pursuant to Section 1016 of the Act, this Notice of Removal need not be verified.

16. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367, as amended by CAFA, and the claims may be removed to this Court under 28 U.S.C. § 1453.

## **CONCLUSION**

WHEREFORE, for the reasons stated herein, this action should proceed in the United States District Court for the Middle District of Florida (Jacksonville Division), as an action properly removed thereto.

5

4822-2337-8324.1

Dated: April 22, 2019	Respectfully submitted,

/s/ Christi A. Lawson
Christi A. Lawson
Florida Bar No. 0498351
Primary: clawson@foley.com
Secondary: yhibbert@foley.com
Virginia R. Beeson
Florida Bar No. 1003406
Primary: vbeeson@foley.com
Secondary: bshelley@foley.com
**Foley & Lardner LLP**
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801
Tel. 407.423.7656
Fax 407.648.1743

James A. McKee
Florida Bar No. 0638218
jmckee@foley.com
**Foley & Lardner LLP**
106 East College Ave., Ste. 900
Tallahassee, FL 32301
Tel. 850.513.3378
Fax 580.561.6475

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via Email, filing with the Florida Court's ePortal, and this Court's CM/ECF system this 22nd day of April, 2019, to counsel for Plaintiff:

ZEBERSKY PAYNE, LLP
Counsel for Plaintiff
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email:    jshaw@zpllp.com
                      kslaven@zpllp.com
Secondary E-mail: mperez@zpllp.com
                        jgarcia@zpllp.com

                                              /s/ Christi A. Lawson
                                              Christi A. Lawson
                                              Florida Bar No. 0498351
                                              Foley & Lardner LLP
                                              111 North Orange Avenue, Suite 1800
                                              Orlando, FL 32801-2386
                                              407.244.3235
                                              407.648.1743
                                              clawson@foley.com