# EXHIBIT A

**Case 16-2019-CA-000218-XXXX-MA**

| Department | Circuit Civil | Division | CV-E |
|---|---|---|---|
| Case Status | OPEN | File Date | 1/9/2019 6:14:58 PM |
| Judge Name | SOUD, ADRIAN G. | Officer | |
| Private Attorney | Slaven, Kimberly A | | |

**Parties**

| Name / DOB / DL / ID # | Party Type Race / Sex | Address |
|---|---|---|
| NATALIE KUHR | PLAINTIFF / | 110 SE 6TH ST, SUITE 2150 FT. LAUDERDALE, FL33301 |
| MAYO CLINIC JACKSONVILLE | DEFENDANT / B | 4500 SAN PABLO ROAD JACKSONVILLE, FL32224 |
| PROFESSIONAL SERVICE BUREAU INC | DEFENDANT / B | 911 LUND BLVD ANOKA, MN55303 |

**Attorneys**

| Attorney | Address | For Parties |
|---|---|---|
| Slaven, Kimberly A Private Attorney (117964) | 110 SE 6th St Ste 2150 Fort Lauderdale, FL333015016 | NATALIE KUHR (PLAINTIFF) |
| Lawson, Christi A Private Attorney (498351) | 111 N Orange Ave Ste 1800 Orlando, FL328012343 | PROFESSIONAL SERVICE BUREAU INC (DEFENDANT) |

**Fees**

| Date | Description | Assessed | Paid | Balance |
|---|---|---|---|---|
| 01/16/2019 | SUMMONS($10/ea) 6/17/2017 | $10.00 | $10.00 | $0.00 |
| 01/16/2019 | SUMMONS($10/ea) 6/17/2017 | $10.00 | $10.00 | $0.00 |
| 01/10/2019 | CIR/GENERALCIVIL 3/1/2012 | $401.00 | $401.00 | $0.00 |

**Dockets**

| Line / Document | Count | Effective Entered | Description | Pages | Image |
|---|---|---|---|---|---|
| 1 D4 | -- | 1/8/2019 1/10/2019 | CASE FEES PAID: $401.00 ON RECEIPT NUMBER 3349345 | 1 | Available Public access |
| 2 D1 | -- | 1/9/2019 1/10/2019 | COVER SHEET | 2 | Available VOR, Ready to view |
| 3 D2 | -- | 1/9/2019 1/10/2019 | COMPLAINT (CLASS ACTION) | 28 | Available VOR, Ready to view |
| 4 | -- | 1/9/2019 1/10/2019 | OTHER CIRCUIT CIVIL – OTHER | | |
| 5 | -- | 1/10/2019 1/10/2019 | DEMAND FOR JURY TRIAL | | |
| 6 D6 | -- | 1/15/2019 1/16/2019 | SUMMONS ISSUED TO MAYO CLINIC JACKSONVILLE | 2 | Available VOR, Ready to view |
| 7 D7 | -- | 1/15/2019 1/16/2019 | SUMMONS ISSUED TO PROFESSIONAL SERVICE BUREAU INC | 2 | Available VOR, Ready to view |

| Line / Document | Count | Effective Entered | Description | Pages | Image |
|---|---|---|---|---|---|
| 8 D8 | -- | 1/15/2019 1/16/2019 | CASE FEES PAID: $20.00 ON RECEIPT NUMBER 3352614 | 1 | Available Public access |
| 9 D9 | -- | 1/22/2019 1/22/2019 | NOTICE OF ACCEPTANCE AND WAIVER OF SERVICE BY DEFT. MAYO CLINIC JACKSONVILLE/ATTY FOR DEFT MAYO CLINIC JACKSONVILLE | 2 | Available VOR, Ready to view |
| 10 D10 | -- | 3/18/2019 3/18/2019 | ANSWER AND AFFIRMATIVE DEFENSES TO PLTF'S CLASS ACTION COMPLAINT/COUNSEL FOR DEFT MAYO CLINIC | 19 | Available VOR, Ready to view |
| 11 D11 | -- | 3/26/2019 3/28/2019 | SUMMONS RETURNED INDICATING SERVICE TO: PROFESSIONAL SERVICE BUREAU INC (CORP. SERV. TO DONNA MOCH, EMPLOYEE OF CT CORP. SYSTEM) ON 03/21/19 @ 03:30 P.M. | 2 | Available Public access |
| 12 D12 | -- | 3/26/2019 3/28/2019 | SUMMONS RETURNED INDICATING SERVICE (AMENDED) TO: PROFESSIONAL SERVICE BUREAU INC (CORP. SERV. TO DONNA MOCH, EMPLOYEE OF CT CORP. SYSTEM) ON 03/21/19 @ 03:30 P.M. | 3 | Available Public access |
| 13 D13 | -- | 4/11/2019 4/12/2019 | NOTICE OF APPEARANCE OF COUNSEL CHRISTI LAWSON FOR PROFESSIONAL SERVICE BUREAU INC | 3 | Available Public access |



**RONNIE FUSSELL**

**RECEIPT**
3349345

CLERK OF THE CIRCUIT AND COUNTY COURTS
JACKSONVILLE, DUVAL COUNTY, FLORIDA

Printed On:
01/10/2019 03:03
Page 1 of 1

| Receipt Number: 3349345 - Date 01/10/2019 Time 3:03PM | | | |
|---|---|---|---|
| **Received of:** | Zebersky Payne | | |
| | 110 SE 6th St, suite 2150 | | |
| | Ft. Lauderdale, FL 33301 | | |
| **Cashier Name:** | EFile | **Balance Owed:** | 401.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 401.00 |
| **Receipt ID:** | 6628907 | **Remaining Balance:** | 0.00 |
| **Division:** | CV-E(Circuit) | | |

| Case# 16-2019-CA-000218-XXXX-MA -- PLAINTIFF: KUHR, NATALIE | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 401.00 | 401.00 | 0.00 |
| **Case Total** | **401.00** | **401.00** | **0.00** |

| Payments | | |
|---|---|---|
| Type | Ref# | Amount |
| EFILING | 23571491 | 401.00 |
| **Total Received** | | **401.00** |
| **Total Paid** | | **401.00** |

## The clerk of courts is here to help you.

| We can be found online at: | **WWW.DUVALCLERK.COM** |
|---|---|
| The main courthouse Location is: | **Clerk of the Circuit and County Courts** |
| | **Duval County, Florida** |
| | 501 West Adams Street |
| | Jacksonville, Florida 32202 |
| The main telephone number is: | 904-255-2000 |
| Other Locations: | **Neptune Beach Courthouse Annex** |
| | 1543 Atlantic Blvd |
| | Neptune Beach, Florida 32266 |

Filing # 83117743 E-Filed 01/09/2019 06:14:58 PM

CV-E

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.  **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FOURTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>DUVAL</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Natalie Kuhr</u>
Plaintiff

vs.

<u>Mayo Clinic Jacksonville, Professional Service Bureau Inc</u>
Defendant

II.  **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

# COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

<u>4</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☒ Yes
- ☐ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Jordan Alexander Shaw</u>     FL Bar No.: <u>111771</u>
　　　　　Attorney or party　　　　　　　　　　　　　　　　　　(Bar number, if attorney)

<u>Jordan Alexander Shaw</u>　　　<u>01/09/2019</u>
　　　(Type or print name)　　　　　Date

Filing # 83117743 E-Filed 01/09/2019 06:14:58 PM

IN THE CIRCUIT COURT FOR THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY FLORIDA

Case No. 2019-CA-000218
CLASS REPRESENTATION
CV-E

NATLIE KUHR, on behalf of
herself and all other similarly
situated,,

     Plaintiff,

-vs-

MAYO CLINIC
JACKSONVILLE, a Florida not
for profit corporation, and
PROFESSIONAL SERVICE
BUREAU, INC., a foreign
corporation

     Defendants.

_____/

### CLASS ACTION COMPLAINT

Plaintiff, NATALIE KUHR (hereinafter "Plaintiff") hereby sues Defendant, MAYO

CLINIC JACKSONVILLE (hereinafter "Mayo") and Defendant PROFESSIONAL SERVICE

BUREAU, INC. (hereinafter "PSB") (hereinafter collectively "Defendants"), for damages, and

other legal and equitable remedies, resulting from Defendants' violations of the Florida

Consumer Collection Practices Act (hereinafter "FCCPA") and the Fair Debt Collection

Practices Act (hereinafter "FDCPA").

### INTRODUCTION

1.    According to a 2016 Kaiser Family Foundation and New York Times survey, one

(1) out of every five (5) Americans *with health insurance* have unmanageable medical debts.

[1763747/1]          1

2.     Plaintiff brings this action seeking damages against Defendants for abusive and illegal medical-debt collection practices. Specifically, Defendant Mayo billed and collected every dollar it was entitled to from Plaintiff's insurance company, and then attempted to collect the remainder, and in excess of the amount permitted by Florida Law, directly from Plaintiff individually.

## PARTIES, JURISDICTION, AND VENUE

3.     This is an action for damages in excess of $15,000.00, exclusive of attorneys' fees and costs.

4.     Plaintiff is a natural person and citizen of the state of Florida, residing in Duval County, Florida.

5.     Defendant Mayo is a Florida not for profit corporation with its principle place of business in Duval County, Florida.

6.     Defendant PSB is a foreign not for profit corporation with its principle place of business in Anoka, Minnesota.

7.     Venue is proper in this court because the events or omissions giving rise to Plaintiff's claims occurred in Duval County, Florida.

8.     Plaintiff is a "consumer" as defined by the FCCPA.

## LEGAL BACKGROUND

### a.     FLORIDA'S PERSONAL INJURY PROTECTION ("PIP") LAWS

9.     Fla. Stat. § 627.736 states that an insurer may limit reimbursement to the schedule of maximum charges.

10. For emergency services and care provided by a hospital, the maximum reimbursement is eighty percent (80%) of seventy-five percent (75%) of the hospital's usual and customary charge.

11. For example, if a hospital bills the insurance three hundred dollars ($300.00) ("Billed Amount"), the insurer is only required to pay one hundred eighty dollars ($180.00).

12. Similarly, pursuant to Fla. Stat. § 627.736, Plaintiff is only responsible for twenty percent (20%) of seventy-five percent (75%) of the hospital's usual and customary charge.

13. In other words, Plaintiff is only responsible for the difference between the amount allowed by the appropriate schedule of maximum charges and the amount paid by her PIP insurer, State Farm Mutual Automobile Insurance Company.

14. In the above example, that amount would be forty-five dollars and 00/100 ($45.00).

15. Attempts to bill more than twenty percent (20%) of the schedule of maximum charges, including attempts to bill the balance between the Billed Amount and the amount paid by the insurer pursuant to Fla Stat. § 627.736, are considered balance billing.

16. Balance billing is prohibited. *See* Fla. Stat. § 627.736(5)(a)(4).

**b. FLORIDA CONSUMER COLLECTION PRACTICES ACT.**

17. The FCCPA, Fla. Stat. § 559.72 *et. seq*, was adopted to reinforce the consumer rights established by federal law for individuals who owe money to others.

18. The FCCPA does not limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act (hereinafter "FDCPA") to consumer collection practices in this state, but rather, is in addition to the requirements and regulations of the federal act.

19.     In the event of any inconsistency between the FCCPA and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail.

20.     The FCCPA applies to all persons trying to collect monies from consumers, this includes original creditors and debt collectors.

21.     The FCCPA, Fla. Stat. § 559.72(9), states, *inter alia*:

> In collecting consumer debts, no person shall: "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."

22.     The FCCPA, prohibits the collection of amounts that are not agreed to by contract or expressly provided for by law.

23.     In fact, the United States Eleventh Circuit Court of Appeals expressly held that to determine whether a violation exists under the FCCPA, Fla. Stat. § 559.72(9), courts must refer to other statutes that establish the legitimacy of the debt and define legal rights—statutes like Fla Stat. § 627.736. [1]

### c.   FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692 ET SEQ.

24.     The FDCPA, was adopted to regulate the practices and tactics of corporations engaged in the collection of debts for others.

25.     Among other prohibitions, the FDCPA specifically prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" (*see* 15 U.S.C. § 1692f(1)) and "The false representation of. . .the character, amount, or legal status of any debt". *See* 15 U.S.C. § 1692e(2)(a).

---

[1] *Cliff v. Payco Gen. Am. Credits, Inc.,* 363 F.3d 1113, 1126 (11th Cir. 2004) (citations omitted); *Groves v. U.S. Bank,* 23 Fla. L. Weekly Fed. D 261 (U.S. M.D. Fla. 2011).

26.     Importantly, the FDCPA is a strict liability statute and the consumer need not show that the violation was knowing or intentional.[2]

## FACTUAL ALLEGATIONS

27.     Plaintiff received medical treatment from Defendant Mayo.

28.     Defendant Mayo billed Plaintiff's PIP insurer, State Farm Mutual Automobile Insurance Company for services rendered on or about August 13, 2017.

29.     Plaintiff's PIP insurer, State Farm Mutual Automobile Insurance Company, pursuant to Fla. Stat. § 627.736, paid at least eighty percent (80%) of seventy-five percent (75%) of the usual and customary charge.

30.     Indeed, Plaintiff's PIP insurer paid one hundred percent (100%) of seventy-five percent (75%) of Defendant's usual and customary charge because Plaintiff's policy of insurance carries medical payments coverage.

31.     Medical payments coverage is an additional coverage type which requires the insurer, in this case State Farm Mutual Automobile Insurance Company, to pay the remaining twenty percent (20%).

32.     Therefore, Plaintiff's maximum liability was zero dollars ($0.00) because her PIP insurer was required to and did pay one hundred percent (100%) of seventy-five percent (75%) of the hospital's usual and customary charge.

33.     However, without medical payments coverage, Plaintiff's liability would have been at most twenty percent (20%) of seventy-five percent (75%) of Defendant's usual and customary charge.

---

[2] *Pollack v. Bay Area Credit Serv., L.L.C.*, 2009 WL 2475167 (S.D. Fla. Aug. 13, 2008).

34.     Defendant Mayo had actual knowledge that it was entitled to collect only a limited additional amount from Plaintiff, if any at all.

35.     Indeed, on April 9, 2018, Plaintiff's PIP insurer State Farm Mutual Automobile Insurance Company sent Defendant Mayo correspondence informing it that "100% of the reasonable amount" had already been paid. *See* State Farm Mutual Automobile Insurance Company Correspondence to Defendant Mayo attached hereto as **Exhibit A**.

36.     Defendant Mayo, however, wanted more, and despite knowing that it was not entitled to do so, "balance billed" Plaintiff for the difference between the Billed Amount and the amount State Farm Mutual Automobile Insurance Company paid pursuant to Fla. Stat. § 627.736. *See* Defendant Mayo Bills attached hereto as **Composite Exhibit B**.

37.     In addition, and after their own illegal collection attempts failed, Defendant Mayo referred Plaintiff to Defendant PSB.

38.     Once again, on April 10, 2018, Plaintiff's PIP insurer State Farm Mutual Automobile Insurance Company, sent Defendant PSP correspondence informing it that "100% of the reasonable amount" had already been paid. *See* State Farm Mutual Automobile Insurance Company Correspondence to Defendant PSB attached hereto as **Exhibit C**.

39.     Defendant PSB sent Plaintiff correspondence on two (2) occasions: (1) May 10, 2018, and (2) June 28, 2018, seeking to collect the illegitimate debt. *See* Defendant PSB Bills attached hereto as **Composite Exhibit D**.

40.     The alleged debt is a consumer debt, incurred for personal, family, or household purposes.

41.     Defendants are familiar with Florida's PIP restrictions and had actual knowledge that this debt was illegitimate.

42.    Defendants continue their collection effort against Plaintiff, despite knowing that the debt is illegitimate and violative of Fla. Stat. 627.736(5)(a)(4).

43.    Defendants' conduct has deprived Plaintiff and the Class of monies rightfully due to them.

44.    All conditions precedent to the filing of this action have occurred or have been waived.

45.    As a result, Plaintiff has suffered Damages.

### CLASS REPRESENTATION ALLEGATIONS

46.    Plaintiff brings this action pursuant to Florida Rules of Civil Procedure 1.220(b)(1)(B) and 1.220(b)(3), on behalf of herself and the Classes of similarly situated individuals defined as follows:

### CLASS

All Florida residents who, within two (2) years preceding the filing of this action through the date of class certification, were charged medical-related fees in excess of the amount allowed under Fla. Stat. § 627.736(5)(a)(4), by Defendant Mayo and/or a third party acting on Defendant's behalf.

### FDCPA SUBCLASS

All Florida residents who, within one (1) year preceding the filing of this action through the date of class certification, received correspondence from Defendant PSB attempting to collect medical-related fees in excess of the amount allowed under Fla. Stat. § 627.736(5)(a)(4).

*Plaintiff anticipates the need to amend the class definitions following appropriate discovery.*

47.    **Class Exclusions:** The following people are excluded from the Classes: 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and its current or former employees, officers and directors; 3) persons who properly execute and file a timely request for exclusion from the

Classes; 4) the legal representatives, successors, or assigns of any such excluded persons; 5) Plaintiff's counsel and Defendants' counsel.

48. **Numerosity (Rule 1.220(a)(1)):** Although Plaintiff does not know the exact size of the Classes, since said information is in the exclusive control of Defendants, it is evident that the Classes are so numerous that joinder of all members into one action is impracticable. Based upon the nature and scope of the conduct involved herein, and the information available from public records, Plaintiff states that the approximate number in these Classes is in excess of five hundred (500) putative members, who are most likely geographically dispersed throughout Florida.

49. **Typicality (Rule 1.220(a)(3)):** Plaintiff's claims are typical of the claims that would be asserted by other members of the Classes in that, in proving her claims, Plaintiff will simultaneously prove the claims of all Class members. Plaintiff and each Class member was charged an amount in excess of the amount legally permitted under Florida law. Plaintiff's claims are typical of those of all members of the Classes. Plaintiff and all members of the Classes were damaged by the same conduct of Defendants as complained of herein.

50. **Commonality (Rule 1.220(a)(2)):** Plaintiff's and Class members' claims raise predominantly factual and legal questions that can be answered for all Class members through a single Class-wide proceeding. Questions of law and fact arising out of Defendant's conduct are common to all members of the Classes, and such common issues of law and fact predominate over any questions affecting only individual members of the Classes. For example, to resolve the claims, it will be necessary to answer the following questions, each of which can be answered through common, generalized evidence:

(a) Whether Defendant Mayo violated the FCCPA by charging monies not owed;

(b) Whether Defendant PSB violated the FDCPA by charging monies not owed;

(c) Whether Plaintiff and the Class are entitled to statutory damages as a result of Defendants' actions;

(d) Whether the Plaintiff and the Classes are entitled to attorney's fees and costs; and

(e) Whether Defendants should be enjoined from engaging in such conduct in the future.

51.     **Adequacy (Rule 1.220(a)(4)):** Plaintiff will fairly and adequately protect the interests of the Classes she represents because it is in her best interests to prosecute the claims alleged to obtain full redress due to her for the illegal conduct of which she complains.  Her interests do not conflict with the interests of the respective Classes because one or more questions of law and/or fact regarding liability are common to all class members and by prevailing on her own claims, Plaintiff necessarily will establish liability to other class members. Plaintiff will fairly and adequately represent the interests of the Classes and has no interests that are antagonistic to the interests of Class members.  Plaintiff has retained counsel experienced in class action litigation and complex civil litigation to prosecute this action on behalf of the Classes.

52.     **Superiority (Rule 1.220(b)(3)):** With respect to Florida Rule of Civil Procedure 1.220(b)(3), a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein, given that Common questions of law and fact predominate over any individual questions that may arise, and significant economies of time, effort and expense will inure to the benefit of the court and the parties in litigating the common issues on a Class-wide basis instead of a repetitive individual basis; many Class members' individual damage

claims are too small to make individual litigation an economically viable alternative, and few Class members have an interest in individually controlling the prosecution of a separate action; despite the relatively small size of many individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; given the size of individual Class members' claims, few Class members could afford to seek legal redress individually for the wrongs Defendants committed against them; when the liability of Defendants is adjudicated, claims of all members of the Classes can be determined by the Court; this action will facilitate the orderly and expeditious administration of the Classes' claims, economies of time, effort and expense will be fostered and uniformity of outcome will be ensured; without a class action, the Class members will continue to suffer damages and Defendants' violations of law will proceed without remedy while Defendants continue to reap and retain the proceeds of its wrongful conduct; and no unusual difficulties are likely to be encountered in the management of this class action. The forum is desirable because all parties are located in Duval County, Florida.

53. **Ascertainability:** Members of the Classes can be identified, and Class membership ascertained objectively through Defendants' records.

54. Plaintiff satisfies the numerosity, commonality, typicality, and adequacy prerequisites for suing as a representative party pursuant to Florida Rule of Civil Procedure 1.220(a).

## COUNT – I
## VIOLATION OF FCCPA, FLA. STAT. § 559.72 (9)
### *Defendant Mayo*

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 23 and 27 through 52 as if fully set forth herein.

55.    By asserting the right to, and attempting to collect from Plaintiff and the classes amounts in excess of those permitted by Florida law, Defendant Mayo claimed, attempted, or threatened to enforce a debt when Defendant Mayo knew that the debt was not legitimate, and asserted the existence of a legal right when Defendant Mayo knew that the right did not exist.

56.    Defendant Mayo therefore violated the FCCPA, Fla. Stat. § 559.72(9).

57.    As a direct and proximate result of Defendant Mayo's actions, Plaintiff suffered damages.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant Mayo for statutory damages of one thousand dollars and 00/100 ($1,000.00) pursuant to Fla. Stat. § 559.77(2); actual damages; reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77(2); and such other and further relief as the Court may deem to be just and proper.

## COUNT – II
## VIOLATION OF FCCPA, FLA. STAT. § 559.72 (9)
### *Defendant PSB*

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 23 and 27 through 52 as if fully set forth herein.

58.    By asserting the right to, and attempting to collect from Plaintiff and the classes amounts in excess of those permitted by Florida law, Defendant PSB claimed, attempted, or

## COUNT – I
## VIOLATION OF FCCPA, FLA. STAT. § 559.72 (9)
### *Defendant Mayo*

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 23 and 27 through 52 as if fully set forth herein.

55.    By asserting the right to, and attempting to collect from Plaintiff and the classes amounts in excess of those permitted by Florida law, Defendant Mayo claimed, attempted, or threatened to enforce a debt when Defendant Mayo knew that the debt was not legitimate, and asserted the existence of a legal right when Defendant Mayo knew that the right did not exist.

56.    Defendant Mayo therefore violated the FCCPA, Fla. Stat. § 559.72(9).

57.    As a direct and proximate result of Defendant Mayo's actions, Plaintiff suffered damages.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant Mayo for statutory damages of one thousand dollars and 00/100 ($1,000.00) pursuant to Fla. Stat. § 559.77(2); actual damages; reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77(2); and such other and further relief as the Court may deem to be just and proper.

## COUNT – II
## VIOLATION OF FCCPA, FLA. STAT. § 559.72 (9)
### *Defendant PSB*

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 23 and 27 through 52 as if fully set forth herein.

58.    By asserting the right to, and attempting to collect from Plaintiff and the classes amounts in excess of those permitted by Florida law, Defendant PSB claimed, attempted, or

threatened to enforce a debt when Defendants knew that the debt was not legitimate, and asserted the existence of a legal right when Defendant knew that the right did not exist.

59.     Defendant PSB therefore violated the FCCPA, Fla. Stat. § 559.72(9).

60.     As a direct and proximate result of Defendant PSB's actions, Plaintiff suffered damages.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant PSB for statutory damages of one thousand dollars and 00/100 ($1,000.00) pursuant to Fla. Stat. § 559.77(2); actual damages; reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77(2); and such other and further relief as the Court may deem to be just and proper.

### COUNT – III
### VIOLATION OF FDCPA, 15 U.S.C. § 1692e(2)(a)
*Defendant PSB*

Plaintiff reaffirms, realleges, and incorporates by reference Paragraph 1 through 16 and 24 through 52 as if fully set forth herein.

61.     By asserting the right to, and attempting to collect from Plaintiff debts that Plaintiff did not owe, Defendant PSB falsely represented. . .the character, amount, or legal status of the debt.

62.     Defendant PSB therefore violated 15 U.S.C. 1692e(2)(a), and is strictly liable for such violation.

63.     As a direct and proximate result of Defendant PSB's actions, Plaintiff suffered damages.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant PSB for statutory damages of one thousand dollars and 00/100

($1,000.00) pursuant to 15 U.S.C. § 1692k; actual damages; reasonable attorney's fees and litigation costs; and such other and further relief as the Court deems proper.

**COUNT – IV**
**VIOLATION OF FDCPA 15 U.S.C. § 1692f(1)**
*Defendant PSB*

Plaintiff reaffirms, realleges, and incorporates by reference Paragraph 1 through 16 and 24 through 52 as if fully set forth herein.

64.     By asserting the right to, and attempting to collect from Plaintiff debts that Plaintiff did not owe, Defendant PSB attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law

65.     Defendant PSB therefore violated 15 U.S.C. § 692f(1), and is strictly liable for such violation.

66.     As a direct and proximate result of Defendant PSB's actions, Plaintiff suffered damages.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant PSB for statutory damages of one thousand dollars and 00/100 ($1,000.00) pursuant to 15 U.S.C. § 1692k; actual damages; reasonable attorney's fees and litigation costs; and such other and further relief as the Court deems proper.

**JURY TRIAL REQUEST**

Plaintiff, individually, respectfully requests a jury trial on issues so triable.

[THIS SPACE LEFT INTENTIONALLY BLANK]

Respectfully submitted this ___ day of January, 2019, by:

> ZEBERSKY PAYNE SHAW LEWENZ, LLP
> 110 SE 6th Street, Suite 2150
> Fort Lauderdale, FL 33301
> Telephone: (954) 989-6333
> Facsimile: (954) 989-7781
> Primary: jshaw@zpllp.com;
> kslaven@zpllp.com
> Secondary: mperez@zpllp.com;
> jgarcia@zpllp.com
>
> By: _____
> JORDAN A. SHAW, ESQ.
> Florida Bar No.: 117771
> KIMBERLY A. SLAVEN, ESQ.
> Florida Bar. No.: 117964

Providing Insurance and Financial Services
Home Office, Bloomington, IL

 **State Farm**

April 09, 2018

Mayo Clinic Jacksonville
4500 San Pablo Rd S
Jacksonville FL  32224-1865

State Farm Claims
PO Box 106134
Atlanta GA 30348-6134

RE:  Claim Number:     59-1073-Z56
     Date of Loss:      August 13, 2017
     Our Insured:       Natalie Kuhr
     Policy Number:
     Your Patient:      Natalie Kuhr

To Whom It May Concern:

has contacted us regarding your bill for August 13, 2017.  We have enclosed a copy of the
EOR(s) for August 13, 2017 outlining our determination of the reasonableness amount paid.

Our payment for these services is based upon 100% of the reasonable amount under Personal
Injury Protection and/or Medical Payments Coverage pursuant to both the terms and conditions
of the policy of insurance under which the subject claim is being made as well as the Florida No
Fault Statute which permits, when determining the reasonable charge for a service, an insurer
to consider usual and customary charges and payments accepted by the provider,
reimbursement levels in the community and various federal and state fee schedules applicable
to automobile and other insurance coverages, and other information relevant to the
reasonableness of the reimbursement for the service.

Since we have already paid 100% of the reasonable amount as required by the Florida No-Fault
Law, we are unable to consider additional charges that you have billed for the above referenced
date(s) of service. By copy of this letter, we are informing Natalie Kuhr          that their
responsibility is limited to the reasonable charge for this service in accordance with the terms of
their policy and the Florida No-Fault Law.

If you have any questions in regard to the above, please contact us.



59-1073-Z56
Page 2
April 09, 2018

Sincerely,


Ebonie Coleman
Claim Specialist
(844) 292-8615 Ext. 8633182705
Fax:    (844) 218-1140

State Farm Mutual Automobile Insurance Company

Enclosure:



April 09, 2018

Mayo Clinic
PO BOX 790124
St Louis, MO 63179-0124

State Farm Claims
PO Box 106134
Atlanta GA 30348-6134

RE:  Claim Number:        59-1073-Z56
     Date of Loss:         August 13, 2017
     Our Insured:          Natalie Kuhr
     Policy Number:
     Your Patient:         Natalie Kuhr

To Whom It May Concern:

Natalie Kuhr [redacted] has contacted us regarding your bill for August 13, 2017. We have enclosed a copy of the EOR(s) for August 13, 2017 outlining our determination of the reasonableness amount paid.

Our payment for these services is based upon 100% of the reasonable amount under Personal Injury Protection and/or Medical Payments Coverage pursuant to both the terms and conditions of the policy of insurance under which the subject claim is being made as well as the Florida No Fault Statute which permits, when determining the reasonable charge for a service, an insurer to consider usual and customary charges and payments accepted by the provider, reimbursement levels in the community and various federal and state fee schedules applicable to automobile and other insurance coverages, and other information relevant to the reasonableness of the reimbursement for the service.

Since we have already paid 100% of the reasonable amount as required by the Florida No-Fault Law, we are unable to consider additional charges that you have billed for the above referenced date(s) of service. By copy of this letter, we are informing Natalie Kuhr [redacted] that their responsibility is limited to the reasonable charge for this service in accordance with the terms of their policy and the Florida No-Fault Law.

If you have any questions in regard to the above, please contact us.

59-1073-Z56
Page 2
April 09, 2018

Sincerely,


Lisa Summerall
Claim Specialist
(844) 292-8615 Ext. 8633183336
Fax:    (844) 218-1140

State Farm Mutual Automobile Insurance Company

Enclosure:    **EOR(S)**


Institution:
Entity:
CPI:
Visit:

Report Run Date: 5/10/2018 6:22:15AM

Mayo Clinic Confidential

## Visit Summary Information

| Institution | Entity | CPI | Visit | Name | Visit Balance | OFC Balance |
|---|---|---|---|---|---|---|
| | | | | KUHR, NATALIE K. | 0.00 | 913.81 |

## Visit Detail Transactions

### Charges

| CDM | Description | Service Date | Post Date | Amount |
|---|---|---|---|---|
| | | 08/13/2017 | 08/14/2017 | 0.00 |
| | | 08/13/2017 | 08/14/2017 | 2.24 |
| | | 08/13/2017 | 08/25/2017 | 1,318.00 |
| | | 08/13/2017 | 08/25/2017 | 383.00 |
| | | 08/13/2017 | 08/25/2017 | 179.00 |
| | | 08/13/2017 | 08/25/2017 | 1,773.00 |
| | | | Total Charges: | 3,655.24 |

### Payments and Adjustments

| CDM | Description | Post Date | Amount |
|---|---|---|---|
| 00000109 | INSURANCE PMT | 9/20/2017 | -2,741.43 |
| 00007580 | COLLECTION AGENCY PLACEMENT | 3/28/2018 | -913.81 |
| 00018090 | TRANSFER TO AGENCY PLACEMENT | 3/28/2018 | 913.81 |
| | | Total Payment and Adjustment | -2,741.43 |



EXHIBIT
B

Report Run Date: 5/10/2018 6:22:15AM

Mayo Clinic Confidential

## Summary for Visit :

| | |
|---|---|
| Total UnBilled: | 0.00 |
| Total Charges: | 3,655.24 |
| Total Patient Payments: | 0.00 |
| Total Insurance Payments: | -2,741.43 |
| Total Patient Adjustments: | 0.00 |
| Total Insurance Adjustments: | 0.00 |
| Total Patient Refunds: | 0.00 |
| Total Discounts: | 0.00 |
| Total Age Amount: | 0.00 |
| Total Account Balance: | 0.00 |
| Total OFC Balance: | 913.81 |

Mayo Clinic Confidential

Privileged, confidential or patient identifiable information may be contained in this message. If you
are not the intended recipient, or if the message has been addressed to you in error, do not read,
disclose, reproduce, distribute, disseminate or otherwise use this transmission. Instead, please
notify the sender by reply email, and then destroy all copies of the message and any attachments.
Thank you!



Institution:
Entity:
CPI:
Visit:

Report Run Date: 5/10/2018 6:22:52AM

Mayo Clinic Confidential

## Visit Summary Information

| Institution | Entity | CPI | Visit | Name | Visit Balance | OFC Balance |
|---|---|---|---|---|---|---|
| | | | | | 0.00 | 113.00 |

## Visit Detail Transactions

### Charges

| CDM | Description | Service Date | Post Date | Amount |
|---|---|---|---|---|
| | | 08/13/2017 | 08/25/2017 | 452.00 |
| | | Total Charges: | | 452.00 |

### Payments and Adjustments

| CDM | Description | Post Date | Amount |
|---|---|---|---|
| 00000109 | INSURANCE PMT | 1/23/2018 | -339.00 |
| 00007580 | COLLECTION AGENCY PLACEMENT | 3/28/2018 | -113.00 |
| 00018090 | TRANSFER TO AGENCY PLACEMENT | 3/28/2018 | 113.00 |
| | Total Payment and Adjustment: | | -339.00 |

Institution:
Entity:
CPI:
Visit:

Mayo Clinic Confidential

## Summary for Visit :

| | |
|---|---|
| Total UnBilled: | 0.00 |
| Total Charges: | 452.00 |
| Total Patient Payments: | 0.00 |
| Total Insurance Payments: | 339.00 |
| Total Patient Adjustments: | 0.00 |
| Total Insurance Adjustments: | 0.00 |
| Total Patient Refunds: | 0.00 |
| Total Discounts: | 0.00 |
| Total Age Amount: | 0.00 |
| Total Account Balance: | 0.00 |
| Total OFC Balance: | 113.00 |

Report Run Date: 5/10/2018 6:22:52AM

Mayo Clinic Confidential

Privileged, confidential or patient identifiable information may be contained in this message. If you
are not the intended recipient, or if the message has been addressed to you in error, do not read,
disclose, reproduce, distribute, disseminate or otherwise use this transmission. Instead, please
notify the sender by reply email, and then destroy all copies of the message and any attachments.
Thank you!



**State Farm®**

April 10, 2018

Personal Service Bureau
PO Box 548
Anoka MN 55303

**State Farm Claims**
PO Box 106134
Atlanta GA 30348-6134

RE:  Claim Number:    59-1073-Z56
     Date of Loss:     August 13, 2017
     Our Insured:     Natalie Kuhr
     Policy Number:
     Your Patient:     Natalie Kuhr 0066466510066466517225 /03515250

To Whom It May Concern:

Natalie Kuhr ▮▮▮▮▮ has contacted us regarding your bill for August 13, 2017. We have enclosed a copy of the EOR(s) for August 13, 2017 outlining our determination of the reasonableness amount paid.

Our payment for these services is based upon 100% of the reasonable amount under Personal Injury Protection and/or Medical Payments Coverage pursuant to both the terms and conditions of the policy of insurance under which the subject claim is being made as well as the Florida No Fault Statute which permits, when determining the reasonable charge for a service, an insurer to consider usual and customary charges and payments accepted by the provider, reimbursement levels in the community and various federal and state fee schedules applicable to automobile and other insurance coverages, and other information relevant to the reasonableness of the reimbursement for the service.

Since we have already paid 100% of the reasonable amount as required by the Florida No-Fault Law, we are unable to consider additional charges that you have billed for the above referenced date(s) of service. By copy of this letter, we are informing Natalie Kuhr ▮▮▮▮▮ that their responsibility is limited to the reasonable charge for this service in accordance with the terms of their policy and the Florida No-Fault Law.

If you have any questions in regard to the above, please contact us.



EXHIBIT

_C_

Sincerely,


Ebonie Coleman
Claim Specialist
(844) 292-8615 Ext. 8633182705
Fax:    (844) 218-1140

State Farm Mutual Automobile Insurance Company

Enclosure:



**PROFESSIONAL SERVICE BUREAU**

911 Lund Blvd, Suite 100
P.O. Box 548
Anoka, MN 55303-2084
Toll Free #: (800) 388-0013
Pay your account online at www.prosbpayment.net
You may email us at contactus@prosb.net

May 10, 2018

BALANCE: $1,026.81

NATALIE K KUHR

Enclosed are the documents you previously requested. I trust this will be the necessary
information to clear this balance of $1026.81. If there are any questions, please call
upon receipt.

Sincerely,

Debt Collector

This account has been listed with our office for collection. This notice has been sent by
a collection agency. This is an attempt to collect a debt. Any information obtained will
be used for that purpose. This agency is licensed by the State of Minnesota Department
of Commerce. If you feel that your concerns have not been addressed, please contact
Professional Service Bureau, Inc. first and allow us the opportunity to try and address
your concerns. You have the option to address any concerns with the Minnesota
Attorney General's Office, which can be reached at 651.296.3353 or 1.800.657.3787.

**PAYMENT OPTIONS**

**Payments by Internet**
You may email us at www.prosbpayment.net
Pin #: 47836
Visa, MasterCard, Discover, &
American Express
Check (ACH) also available

**Payments By Phone**
Please call (800) 388-0013
Visa, MasterCard, Discover, &
American Express
Debit Card
Check-By-Phone

**Payments By Mail**
Visa, MasterCard, Discover, &
American Express
Check
(You may also use the return envelope provided
and the bottom portion of this notice for your
convenience.)

| CREDITOR | CREDITOR ACCT # | PSB ACCT # | PRINCIPAL | TOTAL |
|---|---|---|---|---|
| MAYO CLINIC IN FLORIDA | 006646651 0066466517225 | 3515250 | $913.81 | $913.81 |
| MAYO CLINIC IN FLORIDA | 006646651 0108226447225 | 3515251 | $113.00 | $113.00 |
| | | | Total: | $1,026.81 |

** Detach lower portion and return with your payment **

P.O. Box 548
Anoka, MN 55303-0548
RETURN SERVICE REQUESTED

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW.

| VISA | MasterCard | DISCOVER | AMERICAN EXPRESS |
|---|---|---|---|

CARD NUMBER | EXP. DATE

CARD HOLDER NAME | CVV

SIGNATURE | AMOUNT PAID

NATALIE K KUHR

Acct #:
Balance: $1,026.81



**EXHIBIT**
**D**

# PSB 

PROFESSIONAL SERVICE BUREAU

June 28, 2018

911 Lund Blvd, Suite 100
P.O. Box 548
Anoka, MN 55303-0548
Phone #: (763) 588-1202
Toll Free #: (800) 388-0013
Pay your account online at www.prosbpayment.net
You may email us at contactus@prosb.net

Office Hours: Monday and Tuesday 8am - 8pm
Wednesday – Friday 8am - 5pm
Central Standard Time

NATALIE K KUHR

**BALANCE: $1,026.81**

Please note, upon receipt of this statement we will expect your remittance in full.

This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Financial Assistance is available for those who qualify. Please contact us to request an Application.

Sincerely,
Professional Service Bureau, Inc.

If you feel that your concerns have not been addressed, please contact Professional Service Bureau, Inc. first and allow us the opportunity to try and address your concerns. If you continue to have concerns that have not been addressed, you may contact the Minnesota Attorney General's office at (651) 296-3353 or (800) 657-3787.

Si usted necesita un representante en espanol por favor llame al numero 1-844-391-7444 y lo podemos ayudar.

## PAYMENT OPTIONS

You may visit us at www.prosbpayment.net
Pin #: 47836
Visa, MasterCard, Discover,
& American Express
Check (ACH) also available

### Payments By Phone

Please Call (800) 388-0013
Visa, MasterCard, American
Express & Discover
Debit Card
Check-By-Phone

### Payment By Mail

Visa, MasterCard, Discover,
& American Express
Check
(You can use the return envelope
provided and the bottom portion of this
notice for your convenience.)

| CREDITOR | | CREDITOR ACCT # | PSB ACCT # | PRINCIPAL | TOTAL |
|---|---|---|---|---|---|
| MAYO CLINIC | IN FLORIDA | 006646651 0066466517225 | 03515250 | $913.81 | $913.81 |
| MAYO CLINIC | IN FLORIDA | 006646651 0108226447225 | 03515251 | $113.00 | $113.00 |
| | | | | Total: $1,026.81 | |

---

**\*\*\* Detach Lower Portion And Return With Payment \*\*\***

Y20D4014A9

P.O. Box 548
Anoka MN 55303-0548
ADDRESS SERVICE REQUESTED

624-DK015200-110-04018418

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW.

MasterCard    VISA    DISCOVER

| CARD NUMBER | | EXP. DATE |
|---|---|---|
| CARD HOLDER NAME | | CVV |
| SIGNATURE | AMOUNT PAID | |

Pin #: 47836
Bal: $1,026.81

*Toll Free #: (800) 388-0013*

NATALIE K KUHR 

Professional Service Bureau, Inc.
P.O. Box 548
Anoka MN 55303-0548

IN THE CIRCUIT COURT FOR THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY FLORIDA

Case No. **16-2019-CA-000218-XXX-MA**
CLASS REPRESENTATION
CV-E

NATALIE KUHR,
    Plaintiff,

-vs-

MAYO         CLINIC
JACKSONVILLE,    and
PROFESSIONAL   SERVICE
BUREAU, INC.,
      Defendants.
_____/

## SUMMONS
### 20 DAY CORPORATE SERVICE

**THE STATE OF FLORIDA:**

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant:

Mayo Clinic Jacksonville
By Serving its Registered Agent:
*Stephen P. Nelson, Esq.*
4500 San Pablo Road
Jacksonville, FL 32224

**Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's Attorney:**

Jordan A. Shaw, Esq.
Zebersky Payne Shaw Lewenz, LLP
110 SE 6th Street
Suite 110
Ft. Lauderdale, FL 33301

within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's Attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

[1804092/1]

DATED on _____Jan 16 2019_____

RONNIE FUSSELL
As Clerk of the Court

By_____
As Deputy Clerk

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

IN THE CIRCUIT COURT FOR THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY FLORIDA

Case No. **16-2019-CA-000218-XXX-MA**
CLASS REPRESENTATION
CV-E

NATALIE KUHR,
    Plaintiff,

-vs-

MAYO         CLINIC
JACKSONVILLE,   and
PROFESSIONAL   SERVICE
BUREAU, INC.,
    Defendants.
_____/

## SUMMONS
## 20 DAY CORPORATE SERVICE

**THE STATE OF FLORIDA:**

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition
in this action on defendant:

Professional Service Bureau, Inc.
By Serving its Registered Agent:
*C T Corporation System*
1200 South Pine Island Road
Plantation, FL 33324

**Each defendant is required to serve written defenses to the complaint or petition on
Plaintiff's Attorney:**

Jordan A. Shaw, Esq.
Zebersky Payne Shaw Lewenz, LLP
110 SE 6th Street
Suite 110
Ft. Lauderdale, FL 33301

within 20 days after service of this Summons on that Defendant, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this Court either before
service on Plaintiff's Attorney or immediately thereafter. If a Defendant fails to do so, a
default will be entered against that Defendant for the relief demanded in the complaint or
petition.

[1804093/1]

DATED on _____ Jan 16 2019 _____


RONNIE FUSSELL
As Clerk of the Court

By_____ *ENCPS* _____
As Deputy Clerk

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."



**RONNIE FUSSELL**

CLERK OF THE CIRCUIT AND COUNTY COURTS
JACKSONVILLE, DUVAL COUNTY, FLORIDA

# RECEIPT
3352614

Printed On:
01/16/2019 09:22
Page 1 of 1

| Receipt Number: 3352614 - Date 01/16/2019 Time 9:22AM | |
|---|---|
| **Received of:** Jordan Shaw<br>110 SE 6th Street<br>Suite 2150<br>Fort Lauderdale, FL 33301 | |
| **Cashier Name:** EFile | **Balance Owed:** 20.00 |
| **Cashier Location:** E-Filing | **Total Amount Paid:** 20.00 |
| **Receipt ID:** 6632380 | **Remaining Balance:** 0.00 |
| **Division:** CV-E(Circuit) | |

| Case# 16-2019-CA-000218-XXXX-MA -- PLAINTIFF: KUHR, NATALIE | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 20.00 | 20.00 | 0.00 |
| **Case Total** | **20.00** | **20.00** | **0.00** |

| Payments | | |
|---|---|---|
| Type | Ref# | Amount |
| EFILING | 23626336 | 20.00 |
| **Total Received** | | **20.00** |
| **Total Paid** | | **20.00** |

## The clerk of courts is here to help you.

| We can be found online at: | WWW.DUVALCLERK.COM |
|---|---|
| The main courthouse Location is: | **Clerk of the Circuit and County Courts**<br>**Duval County, Florida**<br>501 West Adams Street<br>Jacksonville, Florida 32202 |
| The main telephone number is: | 904-255-2000 |
| Other Locations: | **Neptune Beach Courthouse Annex**<br>1543 Atlantic Blvd<br>Neptune Beach, Florida 32266 |

IN THE CIRCUIT COURT FOR THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY FLORIDA

Case No. 2019-CA-000218
CLASS REPRESENTATION

NATALIE KUHR, on behalf of
herself and all other similarly
situated,,

       Plaintiff,

-vs-

MAYO            CLINIC
JACKSONVILLE, a Florida not for
profit    corporation,   and
PROFESSIONAL      SERVICE
BUREAU,  INC.,  a  foreign
corporation

       Defendants.

_____/

## NOTICE OF ACCEPTANCE AND WAIVER OF SERVICE BY DEFENDANT, MAYO CLINIC JACKSONVILLE

The undersigned attorney, Christi A. Lawson, on behalf of Defendant MAYO CLINIC

JACKSONVILLE, does hereby acknowledge and accept Service of Process and receipt of

Plaintiff's Complaint, and further acknowledges that a response to Plaintiff's Complaint is due

sixty (60) days from January 15, 2019 (March 15, 2019) pursuant to Rule 1.070(i)(4), Fla. R. Civ.

P., absent further order of the Court.

Dated this 22nd day of January, 2019.

/s/ Christi A. Lawson
_____
Christi A. Lawson
Florida Bar No. 0498351
Foley & Lardner LLP
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801
clawson@foley.com
Tel. 407.244.3235
Fax 407.648.1743

4838-3172-3398.1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of January, 2019, the foregoing Notice of Acceptance and Waiver of Service by Defendant, Mayo Clinic Jacksonville, was filed with the Florida Court's ePortal and served on all counsel of record.

ZEBERSKY PAYNE, LLP
*Counsel for Plaintiff*
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email:      jshaw@zpllp.com
                             kslaven@zpllp.com
Secondary E-mail: mperez@zpllp.com
                             jgarcia@zpllp.com

/s/ Christi A. Lawson
Christi A. Lawson
Florida Bar No. 0498351
Foley & Lardner LLP
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801
clawson@foley.com
Tel. 407.244.3235
Fax 407.648.1743

IN THE CIRCUIT COURT FOR THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY FLORIDA

Case No. 2019-CA-000218
CLASS REPRESENTATION

NATALIE KUHR, on behalf of
herself and all other similarly situated,

      Plaintiff,

-vs-

MAYO CLINIC JACKSONVILLE, a
Florida not for profit corporation, and
PROFESSIONAL        SERVICE
BUREAU, INC., a foreign corporation

      Defendants.

_____/

## DEFENDANT MAYO CLINIC JACKSONVILLE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

COMES NOW, Defendant, Mayo Clinic Jacksonville ("Defendant" or "Mayo"), by and through the undersigned counsel, and hereby files its answer and affirmative defenses to Plaintiff's Class Action Complaint and states as follows:

### INTRODUCTION

1.      According to a 2016 Kaiser Family Foundation and New York Times survey, one (1) out of every five (5) Americans *with health insurance* have unmanageable medical debts.

**Answer:**  Defendant is without sufficient information to admit or deny Plaintiff's allegation, and therefore denies paragraph 1.

2.      Plaintiff brings this action seeking damages against Defendants for abusive and illegal medical-debt collection practices. Specifically, Defendant Mayo billed and collected every dollar it was entitled to from Plaintiff's insurance company, and then attempted to collect the

remainder, and in excess of the amount permitted by Florida Law, directly from Plaintiff individually.

**Answer:** Defendant admits that Plaintiff attempts to bring an action for damages against Defendants, but denies that Mayo has engaged in abusive and illegal medical-debt collection practices or otherwise violated any provision of Florida Law. Defendant therefore denies the remaining allegations in paragraph 2.

## PARTIES, JURISDICTION, AND VENUE

3.      This is an action for damages in excess of $15,000.00, exclusive of attorneys' fees and costs.

**Answer:** Defendant admits paragraph 3 for jurisdictional purposes only, but denies that it has caused Plaintiff damages.

4.      Plaintiff is a natural person and citizen of the State of Florida, residing in Duval County, Florida.

**Answer:** Defendant is without sufficient information to admit or deny Plaintiff's allegation, and therefore denies paragraph 4.

5.      Defendant Mayo is a Florida not for profit corporation with its principle place of business in Duval County, Florida.

**Answer:** Admitted.

6.      Defendant PSB is a foreign not for profit corporation with its principle place of business in Anoka, Minnesota.

**Answer:** Defendant is without sufficient information to admit or deny Plaintiff's allegation, and therefore denies paragraph 6.

7.      Venue is proper in this court because the events or omissions giving rise to Plaintiff's claims occurred in Duval County, Florida

**Answer:** Defendant admits paragraph 7 for jurisdictional purposes only.

8.     Plaintiff is a "consumer" as defined by the FCCPA.

**Answer:** Admitted.

## LEGAL BACKGROUND

### a.     FLORIDA'S PERSONAL INJURY PROTECTION ("PIP") LAWS

9.     Fla. Stat. § 627.736 states that an insurer may limit reimbursement to the schedule of maximum charges.

**Answer:** Defendant admits that section 627.736 pertains to the reimbursement for certain medical charges, but Defendant denies Plaintiff's legal conclusions in paragraph 9.

10.     For emergency services and care provided by a hospital, the maximum reimbursement is eighty percent (80%) of seventy-five percent (75%) of the hospital's usual and customary charge.

**Answer:** Defendant admits that Florida Statutes governs the reimbursement of certain medical charges, but Defendant denies Plaintiff's legal conclusions in paragraph 10.

11.     For example, if a hospital bills the insurance three hundred dollars ($300.00) ("Billed Amount"), the insurer is only required to pay one hundred eighty dollars ($180.00).

**Answer:** Defendant admits that Florida Statutes governs the reimbursement of certain medical charges, but Defendant denies Plaintiff's legal conclusions in paragraph 11.

12.     Similarly, pursuant to Fla. Stat. § 627.736, Plaintiff is only responsible for twenty percent (20%) of seventy-five percent (75%) of the hospital's usual and customary charge.

**Answer:** Defendant admits that Florida Statutes governs the reimbursement of certain medical charges, but Defendant denies Plaintiff's legal conclusions in paragraph 12.

13.     In other words, Plaintiff is only responsible for the difference between the amount allowed by the appropriate schedule of maximum charges and the amount paid by her PIP insurer, State Farm Mutual Automobile Insurance Company.

**Answer:**  Defendant admits that Florida Statutes governs the reimbursement of certain medical charges, but Defendant denies Plaintiff's legal conclusions in paragraph 13.

14.     In the above example, that amount would be forty-five dollars and 00/100 ($45.00).

**Answer:**  Defendant admits that Florida Statutes governs the reimbursement of certain medical charges, but Defendant denies Plaintiff's legal conclusions in paragraph 14.

15.     Attempts to bill more than twenty percent (20%) of the schedule of maximum charges, including attempts to bill the balance between the Billed Amount and the amount paid by the insurer pursuant to Fla Stat. § 627.736, are considered balance billing.

**Answer:**  Defendant admits that Florida Statutes governs the reimbursement of certain medical charges, but Defendant denies Plaintiff's legal conclusions in paragraph 15.

16.     Balance billing is prohibited. See Fla. Stat.§ 627.736(5)(a)(4).

**Answer:**  Defendant admits that Florida Statutes governs the reimbursement of certain medical charges, but Defendant denies Plaintiff's legal conclusions in paragraph 16.

**b.     FLORIDA CONSUMER COLLECTION PRACTICES ACT.**

17.     The FCCPA, Fla. Stat. § 559.72 *et. seq*, was adopted to reinforce the consumer rights established by federal law for individuals who owe money to others.

**Answer:**  Defendant denies Plaintiff's legal conclusions in paragraph 17.

18.     The FCCPA does not limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act (hereinafter "FDCPA") to consumer collection practices in this state, but rather, is in addition to the requirements and regulations of the federal act.

**Answer:**  Defendant denies Plaintiff's legal conclusions in paragraph 18.

19.    In the event of any inconsistency between the FCCPA and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail.

**Answer:** Defendant denies Plaintiff's legal conclusions in paragraph 19.

20.    The FCCPA applies to all persons trying to collect monies from consumers, this includes original creditors and debt collectors.

**Answer:** Defendant denies Plaintiff's legal conclusions in paragraph 20.

21.    The FCCPA, Fla. Stat.§ 559.72(9), states, *inter alia*:

> "In collecting consumer debts, no person shall: "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."

**Answer:** Defendant admits that Plaintiff quotes the FCCPA, but Defendant denies that it has violated any provision of the FCCPA, or any other law.

22.    The FCCPA, prohibits the collection of amounts that are not agreed to by contract or expressly provided for by law.

**Answer:** Defendant denies Plaintiff's legal conclusions in paragraph 22.

23.    In fact, the United States Eleventh Circuit Court of Appeals expressly held that to determine whether a violation exists under the FCCPA, Fla. Stat.§ 559.72(9), courts must refer to other statutes that establish the legitimacy of the debt and define legal rights-statutes like Fla Stat.§ 627.736.[1]

**Answer:** Defendant denies Plaintiff's legal conclusions in paragraph 23, and denies that it has violated the FCCPA, or any other law.

**c.    FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1962 ET SEQ.**

24.    The FDCPA, was adopted to regulate the practices and tactics of corporations

---

[1] *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1126 (11th Cir. 2004)(citations omitted); *Groves v. U.S. Bank*, 23 Fla. L. Weekly Fed. D 261 (U.S. M.D. Fla. 2011).

engaged in the collection of debts for others.

**Answer:** Plaintiff's allegations regarding violations of the FDCPA are not directed to Mayo, and therefore Mayo does not respond to paragraph 24. To the extent that Mayo is required to respond, Mayo denies paragraph 24.

25. Among other prohibitions, the FDCPA specifically prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" *(see* 15 U.S.C. § 1692f(l)) and "The false representation of... the character, amount, or legal status of any debt". *See* 15 U.S.C. § 1692e(2)(a).

**Answer:** Plaintiff's allegations regarding violations of the FDCPA are not directed to Mayo, and therefore Mayo does not respond to paragraph 25. To the extent that Mayo is required to respond, Mayo denies paragraph 25.

26. Importantly, the FDCPA is a strict liability statute and the consumer need not show that the violation was knowing or intentional.[2]

**Answer:** Plaintiff's allegations regarding violations of the FDCPA are not directed to Mayo, and therefore Mayo does not respond to paragraph 26. To the extent that Mayo is required to respond, Mayo denies paragraph 26. May specifically denies that the FDCPA provides for strict liability.

## FACTUAL ALLEGATIONS

27. Plaintiff received medical treatment from Defendant Mayo.

**Answer:** Admitted.

---

[2] *Pollack v. Bay Area CreditServ., L.L.C.*, 2009 WL2475167 (S.D. Fla. Aug. 13, 2008).

28.     Defendant Mayo billed Plaintiff's PIP insurer, State Farm Automobile Insurance Company for services rendered on or about August 13, 2017.

**Answer:** Admitted.

29.     Plaintiff's PIP insurer, State Farm Mutual Automobile Insurance Company, pursuant to Fla. Stat. § 627.736, paid at least eighty percent (80%) of seventy-five percent (75%) of the usual and customary charge.

**Answer:** Defendant admits that it received payment from State Farm Mutual Automobile Insurance Company ("State Farm") in the amount of $5,335.43. Defendant denies all other allegations in paragraph 29.

30.     Indeed, Plaintiff's PIP insurer paid one hundred percent (100%) of seventy-five percent (75%) of Defendant's usual and customary charge because Plaintiff's policy of insurance carries medical payments coverage.

**Answer:** Defendant is without knowledge as to the terms of Plaintiff's policy and therefore denies paragraph 30.

31.     Medical payments coverage is an additional coverage type which requires the insurer, in this case State Farm Mutual Automobile Insurance Company, to pay the remaining twenty percent (20%).

**Answer:** Defendant is without knowledge regarding the terms of Plaintiff's insurance coverage and therefore denies paragraph 31.

32.     Therefore, Plaintiff's maximum liability was zero dollars ($0.00) because her PIP insurer was required to and did pay one hundred percent (100%) of seventy-five percent (75%) of the hospital's usual and customary charge.

**Answer:** Defendant denies Plaintiff's legal conclusions in paragraph 32 and therefore denies paragraph 32.

7

33.     However, without medical payments coverage, Plaintiff's liability would have been at most twenty percent (20%) of seventy-five percent (75%) of Defendant's usual and customary charge.

**Answer:**  Defendant denies Plaintiff's legal conclusions in paragraph 33 and therefore denies paragraph 33.

34.     Defendant Mayo had actual knowledge that it was entitled to collect only a limited additional amount from Plaintiff, if any at all.

**Answer:**  Defendant denies Plaintiff's legal conclusions contained within paragraph 34, and therefore Defendant denies paragraph 34.

35.     Indeed, on April 9, 2018, Plaintiff's PIP insurer State Farm Mutual Automobile Insurance Company sent Defendant Mayo correspondence informing it that "100% of the reasonable amount" had already been paid. *See* State Farm Mutual Automobile Insurance Company Correspondence to Defendant Mayo attached hereto as **Exhibit A.**

**Answer:**  Defendant admits that a letter from State Farm is attached as Exhibit A, but Defendant denies that it agreed with State Farm's conclusions and therefore Defendant denies paragraph 38.

36.     Defendant Mayo, however, wanted more, and despite knowing that it was not entitled to do so, "balance billed" Plaintiff for the difference between the Billed Amount and the amount State Farm Mutual Automobile Insurance Company paid pursuant to Fla. Stat. § 627.736. *See* Defendant Mayo Bills attached hereto as **Composite Exhibit B.**

**Answer:**  Denied.

37.     In addition, and after their own illegal collection attempts failed, Defendant Mayo referred Plaintiff to Defendant PSB.

**Answer:** Defendant denies that it engaged in illegal collection attempts and therefore Defendant denies paragraph 37. Defendant admits that it referred Plaintiff's account to PSB.

38.     Once again, on April 10, 2018, Plaintiff's PIP insurer State Farm Mutual Automobile Insurance Company, sent Defendant PSB correspondence informing it that "100% of the reasonable amount" had already been paid. *See* State Farm Mutual Automobile Insurance Company Correspondence to Defendant PSB attached hereto as **Exhibit C.**

**Answer:** Defendant admits that Exhibit C is a letter from State Farm, but Defendant denies that it agrees with State Farm's conclusions and therefore Mayo denies paragraph 38.

39.     Defendant PSB sent Plaintiff correspondence on two (2) occasions: (1) May 10, 2018, and (2) June 28, 2018, seeking to collect the illegitimate debt. *See* Defendant PSB Bills attached hereto as **Composite Exhibit D.**

**Answer:** Defendant admits that Composite Exhibit D includes letters form PSB. Defendant denies that the debt was illegitimate and therefore denies paragraph 39.

40.     The alleged debt is a consumer debt, incurred for personal, family, or household purposes.

**Answer:** Admitted.

41.     Defendants are familiar with Florida's PIP restrictions and had actual knowledge that this debt was illegitimate.

**Answer:** Defendant denies that the debt was illegitimate and therefore Defendant denies paragraph 41.

42.     Defendants continue their collection effort against Plaintiff, despite knowing that the debt is illegitimate and violative of Fla. Stat. 627.736(5)(a)(4).

**Answer:** Defendant denies that the debt was illegitimate and therefore denies paragraph 42.

9

43. Defendants' conduct has deprived Plaintiff and the Class of monies rightfully due to them.

**Answer:** Denied.

44. All conditions precedent to the filing of this action have occurred or have been waived.

**Answer:** Defendant is without information sufficient to admit or deny paragraph 44 and therefore denies paragraph 44.

45. As a result, Plaintiff has suffered Damages.

**Answer:** Defendant is without sufficient information regarding Plaintiff's alleged damages, but nonetheless, Defendant denies that it is legally liable to Plaintiff for any alleged damages and therefore denies paragraph 45 in its entirety.

## CLASS REPRESENTATION ALLEGATIONS

46. Plaintiff brings this action pursuant to Florida Rules of Civil Procedure 1.220(b)(l)(B) and 1.220(b)(3), on behalf of herself and the Classes of similarly situated individuals defined as follows:

### CLASS

All Florida residents who, within two (2) years preceding the filing of this action through the date of class certification, were charged medical-related fees in excess of the amount allowed under Fla. Stat. § 627.736(5)(a)(4), by Defendant Mayo and/or a third party acting on Defendant's behalf.

### FDCPA SUBCLASS

All Florida residents who, within one (1) year preceding the filing of this action through the date of class certification, received correspondence from Defendant PSB attempting to collect medical-related fees in excess of the amount allowed under Fla. Stat. § 627.736(5)(a)(4).

*__Plaintiff anticipates the need to amend the class definitions following appropriate discovery.__*

**Answer:** Defendant denies that this action is maintainable as a class action, and denies Paragraph 46.

47.     **Class Exclusions:** The following people are excluded from the Classes: 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and its current or former employees, officers and directors; 3) persons who properly execute and file a timely request for exclusion from the Classes; 4) the legal representatives, successors, or assigns of any such excluded persons; 5) Plaintiff's counsel and Defendants' counsel.

**Answer:** Defendant denies that this action is maintainable as a class action, and therefore denies the allegations of Paragraph 47.

48.     **Numerosity (Rule 1.220(a)(1)):** Although Plaintiff does not know the exact size of the Classes, since said information is in the exclusive control of Defendants, it is evident that the Classes are so numerous that joinder of all members into one action is impracticable. Based upon the nature and scope of the conduct involved herein, and the information available from public records, Plaintiff states that the approximate number in these Classes is in excess of five hundred (500) putative members, who are most likely geographically dispersed throughout Florida.

**Answer:** Defendant denies that this action is maintainable as a class action, and denies that it has harmed anyone. Defendant therefore denies paragraph 48.

49.     **Typicality (Rule 1.220(a)(3)):** Plaintiff's claims are typical of the claims that would be asserted by other members of the Classes in that, in proving her claims, Plaintiff

will simultaneously prove the claims of all Class members. Plaintiff and each Class member was charged an amount in excess of the amount legally permitted under Florida law. Plaintiff's claims are typical of those of all members of the Classes. Plaintiff and all members of the Classes were damaged by the same conduct of Defendants as complained of herein.

**Answer:** Defendant denies that this action is maintainable as a class action, and therefore denies Paragraph 49. Specifically, Defendant denies that Plaintiff's claims are typical of any other individual, as each individual's health treatment and insurance coverage is unique to that individual.

50. **Commonality (Rule 1.220(a)(2)):** Plaintiffs and Class members' claims raise predominantly factual and legal questions that can be answered for all Class members through a single Class-wide proceeding. Questions of law and fact arising out of Defendant's conduct are common to all members of the Classes, and such common issues of law and fact predominate over any questions affecting only individual members of the Classes. For example, to resolve the claims, it will be necessary to answer the following questions, each of which can be answered through common, generalized evidence:

(a) Whether Defendant Mayo violated the FCCPA by charging monies not owed; Whether Defendant PSB violated the FDCPA by charging monies not owed;

(b) Whether Plaintiff and the Class are entitled to statutory damages as a result of Defendants' actions;

(c) Whether the Plaintiff and the Classes are entitled to attorney's fees and costs; and

(d) Whether Defendants should be enjoined from engaging in such conduct in the future.

**Answer:** Defendant denies that this action is maintainable as a class action, and therefore denies Paragraph 50. Defendant specifically denies that common questions of law and fact predominate. In fact, to evaluate each purported class member's claim would require a specific factual review of that individual's medical bills, insurance coverage terms, and payments.

51. **Adequacy (Rule 1.220(a)(4)):** Plaintiff will fairly and adequately protect the interests of the Classes she represents because it is in her best interests to prosecute the claims alleged to obtain full redress due to her for the illegal conduct of which she complains. Her interests do not conflict with the interests of the respective Classes because one or more questions of law and/or fact regarding liability are common to all class members and by prevailing on her own claims, Plaintiff necessarily will establish liability to other class members. Plaintiff will fairly and adequately represent the interests of the Classes and has no interests that are antagonistic to the interests of Class members. Plaintiff has retained counsel experienced in class action litigation and complex civil litigation to prosecute this action on behalf of the Classes.

**Answer:** Defendant denies that if Plaintiff prevails that Plaintiff can establish liability to other purported class members. The questions of law and fact that apply to each purported class member differ, and therefore Plaintiff is not an adequate representative of other individuals. Defendant therefore denies paragraph 51.

52. **Superiority (Rule 1.220(b)(3)):** With respect to Florida Rule of Civil Procedure 1.220(b)(3), a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein, given that Common questions of law and fact predominate over any individual questions that may arise, and significant economies of time, effort and expense will inure to the benefit of the court and the parties in litigating the common issues on a Class- wide basis instead of a repetitive individual basis; many Class members' individual damage claims are

13

too small to make individual litigation an economically viable alternative, and few Class members have an interest in individually controlling the prosecution of a separate action; despite the relatively small size of many individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; given the size of individual Class members' claims, few Class members could afford to seek legal redress individually for the wrongs Defendants committed against them; when the liability of Defendants is adjudicated, claims of all members of the Classes can be determined by the Court; this action will facilitate the orderly and expeditious administration of the Classes' claims, economies of time, effort and expense will be fostered and uniformity of outcome will be ensured; without a class action, the Class members will continue to suffer damages and Defendants' violations of law will proceed without remedy while Defendants continue to reap and retain the proceeds of its wrongful conduct; and no unusual difficulties are likely to be encountered in the management of this class action. The forum is desirable because all parties are located in Duval County, Florida.

**Answer:** Defendant denies that this action is maintainable as a class action, and therefore denies paragraph 52. Defendant specifically denies that common questions of law or fact predominate. Defendant also denies that a class would provide judicial economies, because this court would be required to conduct a separate trial within a trial for each purported class member to establish the facts of the individual's claims.

53. **Ascertainability:** Members of the Classes can be identified, and Class membership ascertained objectively through Defendants' records.

**Answer:** Defendant admits that it can identify its patients, but Defendant denies that it can reasonably identify purported class members. Defendant would be required to review every single patient to determine whether the treatment was due to an auto-accident, conduct a legal analysis of the patient's insurance coverage, and then perform an analysis of the related bills and payments.

54.     Plaintiff satisfies the numerosity, commonality, typicality, and adequacy prerequisites for suing as a representative party pursuant to Florida Rule of Civil Procedure 1.220(a).

**Answer:** Defendant denies the allegations of paragraph 54 for the reasons Defendant states above.

**COUNT – I**
**VIOLATION OF FCCPA, FLA. STAT. §559.72(9)**
*Defendant Mayo*

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 23 and 27 through 52 as if fully set forth herein.

Defendant incorporates herein its responses to all applicable paragraphs, as set forth above.

55.     By asserting the right to, and attempting to collect from Plaintiff and the classes amounts in excess of those permitted by Florida law, Defendant Mayo claimed, attempted, or threatened to enforce a debt when Defendant Mayo knew that the debt was not legitimate, and asserted the existence of a legal right when Defendant Mayo knew that the right did not exist.

**Answer:** Denied.

56.     Defendant Mayo therefore violated the FCCPA, Fla. Stat. § 559.72(9).

**Answer:** Denied.

57.     As a direct and proximate result of Defendant Mayo's actions, Plaintiff suffered

damages.

    **Answer:** Denied.

    WHEREFORE, Defendant requests that this Court enter judgment in favor of Defendants and against Plaintiff and enter such other and further relief as the Court may deem to be just and proper.

**COUNT – II**
**VIOLATION OF FCCPA, FLA. STAT. §559.72(9)**
*Defendant PSB*

    Count II is not directed to Defendant Mayo. To the extent that Defendant is required to respond, Defendant denies paragraphs 58 through 60.

**COUNT – III**
**VIOLATION OF FDCPA, 15 U.S.C. §1692e(2)(a)**
*Defendant PSB*

Count III is not directed to Defendant Mayo. To the extent that Defendant is required to respond, Defendant denies paragraphs 61 through 63.

**COUNT – IV**
**VIOLATION OF FDCPA 15 U.S.C. §1692f(1)**
*Defendant PSB*

    Count IV is not directed to Defendant Mayo. To the extent that Defendant is required to respond, Defendant denies paragraphs 64 through 66.

**JURY TRIAL REQUEST**

    Plaintiff, individually, respectfully requests a jury trial on issues so triable.

    **Answer**: Defendant admits that Plaintiff has requested a jury trial.

## DEFENDANT MAYO CLINIC JACKSONVILLE'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

At all times hereto, Defendant was in compliance with all applicable provisions of the FCCPA, and alternatively pleads that any alleged violations were not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid such error. Specifically, Defendant has policies and procedures to ensure compliance with all applicable laws and regulations, and trains its employees regarding such procedures. As such, Defendant is entitled to the safe harbor provision provided in section 559.77(3), of the Florida Statutes.

### Second Affirmative Defense

One or more claims asserted by Plaintiff are barred by laches, estoppel, waiver and/or unclean hands.

### Third Affirmative Defense

Plaintiff's claims are not properly maintainable as a class action because Plaintiff does not, and cannot, satisfy the requirements of Florida Rule of Civil Procedure 1.220. Plaintiff cannot establish that she was or is similarly situated to potential members of the class action and cannot meet her burden of satisfying the prerequisites of commonality, typicality, numerosity, and adequacy.

### Fourth Affirmative Defense

Defendant gives notice that it intends to rely upon such other defenses as may become available at law or pursuant to statute, or that may become known during any discovery proceedings in this case, and reserves the right to amend its answer and assert such defenses.

Dated this 18th day of March, 2019.

/s/ Christi A. Lawson
_____
Christi A. Lawson
Florida Bar No. 0498351
Primary: clawson@foley.com
Secondary: yhibbert@foley.com
Foley & Lardner LLP
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801
clawson@foley.com
Tel. 407.244.3235
Fax 407.648.1743
James McKee
Florida Bar No. 0638218

Virginia R. Beeson
Florida Bar No. 1003406
Primary: vbeeson@foley.com
Secondary: bshelley@foley.com
Foley & Lardner LLP
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of March, 2019, the foregoing Answer and Affirmative Defenses to Complaint by Defendant, Mayo Clinic Jacksonville, was filed with the Florida Court's ePortal and served on all counsel of record.

ZEBERSKY PAYNE, LLP
*Counsel for Plaintiff*
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email:    jshaw@zpllp.com
                      kslaven@zpllp.com
Secondary E-mail: mperez@zpllp.com
                      jgarcia@zpllp.com

/s/ Christi A. Lawson
_____
Christi A. Lawson
Florida Bar No. 0498351
Foley & Lardner LLP
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801
clawson@foley.com
Tel. 407.244.3235
Fax 407.648.1743

Filing # 86967977 E-Filed 03/26/2019 12:38:08 PM

## RETURN OF SERVICE

State of Florida         County of DUVAL         Circuit Court

Case Number: 16-2019-CA-218-XXX-MA

Plaintiff:
NATALIE KUHR

vs.

Defendant:
MAYO CLINIC JACKSONVILLE, ET. AL.,

For:
Jordan Alexander Shaw, Esq
ZEBERSKY PAYNE, LLP
110 Se 6th St
Suite 2150
Ft. Lauderdale, FL 33301

Received by OJF SERVICES, INC. on the 21st day of March, 2019 at 1:50 pm to be served on **PROFESSIONAL SERVICE BUREAU, INC, 1200 S. PINE ISLAND RD, PLANTATION, FL 33324.**

I, ANDREW KARP, do hereby affirm that on the **21st day of March, 2019 at 3:30 pm, I:**

**CORPORATE SERVED:** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH** EMPLOYEE OF CT CORPORATION SYSTEM at the address of: **1200 S. PINE ISLAND RD, PLANTATION, FL 33324** as registered agent for **PROFESSIONAL SERVICE BUREAU, INC,** and informed said person of the contents therein, in compliance with state statutes 48.081.

I CERTIFY THAT I AM OVER THE AGE OF 18; HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**ANDREW KARP**
SPS #260

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**

Our Job Serial Number: OJF-2019004506

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0h



ACCEPTED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 03/28/2019 01:43:41 PM

+5.64

IN THE CIRCUIT COURT FOR THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY FLORIDA

Case No. 16-2019-CA-000218-XXX-MA
CLASS REPRESENTATION
CV-E

NATALIE KUHR,
Plaintiff,

-vs-

MAYO        CLINIC
JACKSONVILLE,   and
PROFESSIONAL   SERVICE
BUREAU, INC.,
        Defendants.
_____/

## SUMMONS
### 20 DAY CORPORATE SERVICE

THE STATE OF FLORIDA:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition
in this action on defendant:

Professional Service Bureau, Inc.
By Serving its Registered Agent:
*C T Corporation System*
1200 South Pine Island Road
Plantation, FL 33324

Each defendant is required to serve written defenses to the complaint or petition on
Plaintiff's Attorney:

Jordan A. Shaw, Esq.
Zebersky Payne Shaw Lewenz, LLP
110 SE 6th Street
Suite 110
Ft. Lauderdale, FL 33301

within 20 days after service of this Summons on that Defendant, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this Court either before
service on Plaintiff's Attorney or immediately thereafter. If a Defendant fails to do so, a
default will be entered against that Defendant for the relief demanded in the complaint or
petition.

[1804093/1]

4506

ERTED. DUVAL COUNTY RONNIE FUSSELL CLERK 01/16/2019 09:21:57 AM

Filing # 87000062 E-Filed 03/26/2019 04:37:49 PM

*Amended*

## RETURN OF SERVICE

| State of Florida | County of DUVAL | Circuit Court |

Case Number: 16-2019-CA-218-XXX-MA

Plaintiff:
**NATALIE KUHR**

vs.

Defendant:
**MAYO CLINIC JACKSONVILLE, ET. AL.,**

For:
Jordan Alexander Shaw, Esq
ZEBERSKY PAYNE, LLP
110 Se 6th St
Suite 2150
Ft. Lauderdale, FL 33301

Received by OJF SERVICES, INC. on the 21st day of March, 2019 at 1:50 pm to be served on **PROFESSIONAL SERVICE BUREAU, INC, 1200 S. PINE ISLAND RD, PLANTATION, FL 33324.**

I, ANDREW KARP, do hereby affirm that on the **21st day of March, 2019 at 3:30 pm, I:**

**CORPORATE SERVED:** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH** EMPLOYEE OF CT CORPORATION SYSTEM at the address of: **1200 S. PINE ISLAND RD, PLANTATION, FL 33324** as registered agent for **PROFESSIONAL SERVICE BUREAU, INC,** and informed said person of the contents therein, in compliance with state statutes 48.081.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**ANDREW KARP**
SPS #260

**OJF SERVICES, INC.**
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2019004506

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V8.0h



ACCEPTED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 03/28/2019 01:43:46 PM

+5.64

IN THE CIRCUIT COURT FOR THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY FLORIDA

Case No. 16-2019-CA-000218-XXX-MA
CLASS REPRESENTATION
CV-E

NATALIE KUHR,
    Plaintiff,

-vs-

MAYO          CLINIC
JACKSONVILLE,    and
PROFESSIONAL   SERVICE
BUREAU, INC.,
    Defendants.

_____/

## SUMMONS
## 20 DAY CORPORATE SERVICE

THE STATE OF FLORIDA:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition
in this action on defendant:

Professional Service Bureau, Inc.
By Serving its Registered Agent:
*C T Corporation System*
1200 South Pine Island Road
Plantation, FL 33324

**Each defendant is required to serve written defenses to the complaint or petition on
Plaintiff's Attorney:**

Jordan A. Shaw, Esq.
Zebersky Payne Shaw Lewenz, LLP
110 SE 6th Street
Suite 110
Ft. Lauderdale, FL 33301

within 20 days after service of this Summons on that Defendant, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this Court either before
service on Plaintiff's Attorney or immediately thereafter. If a Defendant fails to do so, a
default will be entered against that Defendant for the relief demanded in the complaint or
petition.

[1804093/1]

4506

CEPTED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 01/16/2019 09:21:57 AM

DATED on_____Jan 16 2019_____

RONNIE FUSSELL
As Clerk of the Court

By_____*ptocps*_____
As Deputy Clerk

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

Filing # 87821405 E-Filed 04/11/2019 11:27:24 AM

IN THE CIRCUIT COURT FOR THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY FLORIDA

Case No. 2019-CA-000218
CLASS REPRESENTATION
CV-E

NATALIE KUHR, on behalf of
herself and all other similarly situated,

    Plaintiff,

-vs-

MAYO CLINIC JACKSONVILLE, a
Florida not for profit corporation, and
PROFESSIONAL        SERVICE
BUREAU, INC., a foreign corporation

    Defendants.
_____/

## NOTICE OF APPEARANCE OF COUNSEL
## AND DESIGNATION OF EMAIL ADDRESSES

PLEASE TAKE NOTICE that Christi A. Lawson, Esq., James A. McKee, Esq. and

Virginia R. Beeson, Esq., and the law firm of Foley & Lardner LLP, hereby enter their appearance

as counsel for Defendant, PROFESSIONAL SERVICE BUREAU, INC., and request that copies

of any and all pleadings, hearing notices, motions, orders, and other papers filed in this action be

furnished to Christi A. Lawson, Esq., James A. McKee, Esq. and Virginia R. Beeson, Esq. via

electronic mail at clawson@foley.com, jmckee@foley.com and vbeeson@foley.com.

Dated this 11th day of April, 2019.

/s/ Christi A. Lawson
_____
Christi A. Lawson
Florida Bar No. 0498351
Primary: clawson@foley.com
Secondary: yhibbert@foley.com
Foley & Lardner LLP
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801
Tel: 407.244.3235
Fax: 407.648.1743

4822-7955-2147.1

James A. McKee
Florida Bar No. 0638218
Primary: jmckee@foley.com
Secondary: mlong@foley.com
Foley & Lardner LLP
106 E. College Avenue, Suite 900
Tallahassee, FL 32301
Tel: 850.222.6100
Fax: 850.561.6475

Virginia R. Beeson
Florida Bar No. 1003406
Primary: vbeeson@foley.com
Secondary: bshelley@foley.com
Foley & Lardner LLP
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of April, 2019, I electronically filed a true and correct copy of the foregoing using the Florida Courts E-Filing Portal System and a true and correct copy was served on all counsel of record.

/s/ Christi A. Lawson
_____
Christi A. Lawson
Florida Bar No. 0498351
Foley & Lardner LLP
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801
clawson@foley.com
Tel. 407.244.3235
Fax 407.648.1743