IN THE CIRCUIT COURT FOR THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY FLORIDA

Case No. 2019-CA-000218
CLASS REPRESENTATION

NATALIE KUHR, on behalf of
herself and all other similarly situated,

    Plaintiff,

-vs-

MAYO CLINIC JACKSONVILLE, a
Florida not for profit corporation, and
PROFESSIONAL SERVICE
BUREAU, INC., a foreign corporation

    Defendants.
_____/

## DEFENDANT MAYO CLINIC JACKSONVILLE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

COMES NOW, Defendant, Mayo Clinic Jacksonville ("Defendant" or "Mayo"), by and through the undersigned counsel, and hereby files its answer and affirmative defenses to Plaintiff's Class Action Complaint and states as follows:

### INTRODUCTION

1. According to a 2016 Kaiser Family Foundation and New York Times survey, one (1) out of every five (5) Americans *with health insurance* have unmanageable medical debts.

**Answer:** Defendant is without sufficient information to admit or deny Plaintiff's allegation, and therefore denies paragraph 1.

2. Plaintiff brings this action seeking damages against Defendants for abusive and illegal medical-debt collection practices. Specifically, Defendant Mayo billed and collected every dollar it was entitled to from Plaintiff's insurance company, and then attempted to collect the

remainder, and in excess of the amount permitted by Florida Law, directly from Plaintiff individually.

**Answer:** Defendant admits that Plaintiff attempts to bring an action for damages against Defendants, but denies that Mayo has engaged in abusive and illegal medical-debt collection practices or otherwise violated any provision of Florida Law. Defendant therefore denies the remaining allegations in paragraph 2.

## PARTIES, JURISDICTION, AND VENUE

3. This is an action for damages in excess of $15,000.00, exclusive of attorneys' fees and costs.

**Answer:** Defendant admits paragraph 3 for jurisdictional purposes only, but denies that it has caused Plaintiff damages.

4. Plaintiff is a natural person and citizen of the State of Florida, residing in Duval County, Florida.

**Answer:** Defendant is without sufficient information to admit or deny Plaintiff's allegation, and therefore denies paragraph 4.

5. Defendant Mayo is a Florida not for profit corporation with its principle place of business in Duval County, Florida.

**Answer:** Admitted.

6. Defendant PSB is a foreign not for profit corporation with its principle place of business in Anoka, Minnesota.

**Answer:** Defendant is without sufficient information to admit or deny Plaintiff's allegation, and therefore denies paragraph 6.

7. Venue is proper in this court because the events or omissions giving rise to Plaintiff's claims occurred in Duval County, Florida

**Answer:** Defendant admits paragraph 7 for jurisdictional purposes only.

8. Plaintiff is a "consumer" as defined by the FCCPA.

**Answer:** Admitted.

## LEGAL BACKGROUND

### a. FLORIDA'S PERSONAL INJURY PROTECTION ("PIP") LAWS

9. Fla. Stat. § 627.736 states that an insurer may limit reimbursement to the schedule of maximum charges.

**Answer:** Defendant admits that section 627.736 pertains to the reimbursement for certain medical charges, but Defendant denies Plaintiff's legal conclusions in paragraph 9.

10. For emergency services and care provided by a hospital, the maximum reimbursement is eighty percent (80%) of seventy-five percent (75%) of the hospital's usual and customary charge.

**Answer:** Defendant admits that Florida Statutes governs the reimbursement of certain medical charges, but Defendant denies Plaintiff's legal conclusions in paragraph 10.

11. For example, if a hospital bills the insurance three hundred dollars ($300.00) ("Billed Amount"), the insurer is only required to pay one hundred eighty dollars ($180.00).

**Answer:** Defendant admits that Florida Statutes governs the reimbursement of certain medical charges, but Defendant denies Plaintiff's legal conclusions in paragraph 11.

12. Similarly, pursuant to Fla. Stat. § 627.736, Plaintiff is only responsible for twenty percent (20%) of seventy-five percent (75%) of the hospital's usual and customary charge.

**Answer:** Defendant admits that Florida Statutes governs the reimbursement of certain medical charges, but Defendant denies Plaintiff's legal conclusions in paragraph 12.

13. In other words, Plaintiff is only responsible for the difference between the amount allowed by the appropriate schedule of maximum charges and the amount paid by her PIP insurer, State Farm Mutual Automobile Insurance Company.

**Answer:** Defendant admits that Florida Statutes governs the reimbursement of certain medical charges, but Defendant denies Plaintiff's legal conclusions in paragraph 13.

14. In the above example, that amount would be forty-five dollars and 00/100 ($45.00).

**Answer:** Defendant admits that Florida Statutes governs the reimbursement of certain medical charges, but Defendant denies Plaintiff's legal conclusions in paragraph 14.

15. Attempts to bill more than twenty percent (20%) of the schedule of maximum charges, including attempts to bill the balance between the Billed Amount and the amount paid by the insurer pursuant to Fla Stat. § 627.736, are considered balance billing.

**Answer:** Defendant admits that Florida Statutes governs the reimbursement of certain medical charges, but Defendant denies Plaintiff's legal conclusions in paragraph 15.

16. Balance billing is prohibited. See Fla. Stat.§ 627.736(5)(a)(4).

**Answer:** Defendant admits that Florida Statutes governs the reimbursement of certain medical charges, but Defendant denies Plaintiff's legal conclusions in paragraph 16.

**b. FLORIDA CONSUMER COLLECTION PRACTICES ACT.**

17. The FCCPA, Fla. Stat. § 559.72 *et. seq*, was adopted to reinforce the consumer rights established by federal law for individuals who owe money to others.

**Answer:** Defendant denies Plaintiff's legal conclusions in paragraph 17.

18. The FCCPA does not limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act (hereinafter "FDCPA") to consumer collection practices in this state, but rather, is in addition to the requirements and regulations of the federal act.

**Answer:** Defendant denies Plaintiff's legal conclusions in paragraph 18.

4

19. In the event of any inconsistency between the FCCPA and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail.

**Answer:** Defendant denies Plaintiff's legal conclusions in paragraph 19.

20. The FCCPA applies to all persons trying to collect monies from consumers, this includes original creditors and debt collectors.

**Answer:** Defendant denies Plaintiff's legal conclusions in paragraph 20.

21. The FCCPA, Fla. Stat.§ 559.72(9), states, *inter alia*:

> "In collecting consumer debts, no person shall: "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."

**Answer:** Defendant admits that Plaintiff quotes the FCCPA, but Defendant denies that it has violated any provision of the FCCPA, or any other law.

22. The FCCPA, prohibits the collection of amounts that are not agreed to by contract or expressly provided for by law.

**Answer:** Defendant denies Plaintiff's legal conclusions in paragraph 22.

23. In fact, the United States Eleventh Circuit Court of Appeals expressly held that to determine whether a violation exists under the FCCPA, Fla. Stat.§ 559.72(9), courts must refer to other statutes that establish the legitimacy of the debt and define legal rights-statutes like Fla Stat.§ 627.736.[1]

**Answer:** Defendant denies Plaintiff's legal conclusions in paragraph 23, and denies that it has violated the FCCPA, or any other law.

c. **FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1962 ET SEQ.**

24. The FDCPA, was adopted to regulate the practices and tactics of corporations

---

[1] *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1126 (11th Cir. 2004)(citations omitted); *Groves v. U.S. Bank*, 23 Fla. L. Weekly Fed. D 261 (U.S. M.D. Fla. 2011).

engaged in the collection of debts for others.

**Answer:** Plaintiff's allegations regarding violations of the FDCPA are not directed to Mayo, and therefore Mayo does not respond to paragraph 24. To the extent that Mayo is required to respond, Mayo denies paragraph 24.

25. Among other prohibitions, the FDCPA specifically prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" (see 15 U.S.C. § 1692f(1)) and "The false representation of... the character, amount, or legal status of any debt". See 15 U.S.C. § 1692e(2)(a).

**Answer:** Plaintiff's allegations regarding violations of the FDCPA are not directed to Mayo, and therefore Mayo does not respond to paragraph 25. To the extent that Mayo is required to respond, Mayo denies paragraph 25.

26. Importantly, the FDCPA is a strict liability statute and the consumer need not show that the violation was knowing or intentional.[2]

**Answer:** Plaintiff's allegations regarding violations of the FDCPA are not directed to Mayo, and therefore Mayo does not respond to paragraph 26. To the extent that Mayo is required to respond, Mayo denies paragraph 26. May specifically denies that the FDCPA provides for strict liability.

## FACTUAL ALLEGATIONS

27. Plaintiff received medical treatment from Defendant Mayo.

**Answer:** Admitted.

---

[2] *Pollack v. Bay Area CreditServ., L.L.C.*, 2009 WL2475167 (S.D. Fla. Aug. 13, 2008).

6

28. Defendant Mayo billed Plaintiff's PIP insurer, State Farm Automobile Insurance Company for services rendered on or about August 13, 2017.

**Answer:** Admitted.

29. Plaintiff's PIP insurer, State Farm Mutual Automobile Insurance Company, pursuant to Fla. Stat. § 627.736, paid at least eighty percent (80%) of seventy-five percent (75%) of the usual and customary charge.

**Answer:** Defendant admits that it received payment from State Farm Mutual Automobile Insurance Company ("State Farm") in the amount of $5,335.43. Defendant denies all other allegations in paragraph 29.

30. Indeed, Plaintiff's PIP insurer paid one hundred percent (100%) of seventy-five percent (75%) of Defendant's usual and customary charge because Plaintiff's policy of insurance carries medical payments coverage.

**Answer:** Defendant is without knowledge as to the terms of Plaintiff's policy and therefore denies paragraph 30.

31. Medical payments coverage is an additional coverage type which requires the insurer, in this case State Farm Mutual Automobile Insurance Company, to pay the remaining twenty percent (20%).

**Answer:** Defendant is without knowledge regarding the terms of Plaintiff's insurance coverage and therefore denies paragraph 31.

32. Therefore, Plaintiff's maximum liability was zero dollars ($0.00) because her PIP insurer was required to and did pay one hundred percent (100%) of seventy-five percent (75%) of the hospital's usual and customary charge.

**Answer:** Defendant denies Plaintiff's legal conclusions in paragraph 32 and therefore denies paragraph 32.

7

33. However, without medical payments coverage, Plaintiff's liability would have been at most twenty percent (20%) of seventy-five percent (75%) of Defendant's usual and customary charge.

**Answer:** Defendant denies Plaintiff's legal conclusions in paragraph 33 and therefore denies paragraph 33.

34. Defendant Mayo had actual knowledge that it was entitled to collect only a limited additional amount from Plaintiff, if any at all.

**Answer:** Defendant denies Plaintiff's legal conclusions contained within paragraph 34, and therefore Defendant denies paragraph 34.

35. Indeed, on April 9, 2018, Plaintiff's PIP insurer State Farm Mutual Automobile Insurance Company sent Defendant Mayo correspondence informing it that "100% of the reasonable amount" had already been paid. *See* State Farm Mutual Automobile Insurance Company Correspondence to Defendant Mayo attached hereto as **Exhibit A.**

**Answer:** Defendant admits that a letter from State Farm is attached as Exhibit A, but Defendant denies that it agreed with State Farm's conclusions and therefore Defendant denies paragraph 38.

36. Defendant Mayo, however, wanted more, and despite knowing that it was not entitled to do so, "balance billed" Plaintiff for the difference between the Billed Amount and the amount State Farm Mutual Automobile Insurance Company paid pursuant to Fla. Stat. § 627.736. *See* Defendant Mayo Bills attached hereto as **Composite Exhibit B.**

**Answer:** Denied.

37. In addition, and after their own illegal collection attempts failed, Defendant Mayo referred Plaintiff to Defendant PSB.

8

**Answer:** Defendant denies that it engaged in illegal collection attempts and therefore Defendant denies paragraph 37. Defendant admits that it referred Plaintiff's account to PSB.

38. Once again, on April 10, 2018, Plaintiff's PIP insurer State Farm Mutual Automobile Insurance Company, sent Defendant PSB correspondence informing it that "100% of the reasonable amount" had already been paid. *See* State Farm Mutual Automobile Insurance Company Correspondence to Defendant PSB attached hereto as **Exhibit C.**

**Answer:** Defendant admits that Exhibit C is a letter from State Farm, but Defendant denies that it agrees with State Farm's conclusions and therefore Mayo denies paragraph 38.

39. Defendant PSB sent Plaintiff correspondence on two (2) occasions: (1) May 10, 2018, and (2) June 28, 2018, seeking to collect the illegitimate debt. *See* Defendant PSB Bills attached hereto as **Composite Exhibit D.**

**Answer:** Defendant admits that Composite Exhibit D includes letters form PSB. Defendant denies that the debt was illegitimate and therefore denies paragraph 39.

40. The alleged debt is a consumer debt, incurred for personal, family, or household purposes.

**Answer:** Admitted.

41. Defendants are familiar with Florida's PIP restrictions and had actual knowledge that this debt was illegitimate.

**Answer:** Defendant denies that the debt was illegitimate and therefore Defendant denies paragraph 41.

42. Defendants continue their collection effort against Plaintiff, despite knowing that the debt is illegitimate and violative of Fla. Stat. 627.736(5)(a)(4).

**Answer:** Defendant denies that the debt was illegitimate and therefore denies paragraph 42.

43. Defendants' conduct has deprived Plaintiff and the Class of monies rightfully due to them.

**Answer:** Denied.

44. All conditions precedent to the filing of this action have occurred or have been waived.

**Answer:** Defendant is without information sufficient to admit or deny paragraph 44 and therefore denies paragraph 44.

45. As a result, Plaintiff has suffered Damages.

**Answer:** Defendant is without sufficient information regarding Plaintiff's alleged damages, but nonetheless, Defendant denies that it is legally liable to Plaintiff for any alleged damages and therefore denies paragraph 45 in its entirety.

## CLASS REPRESENTATION ALLEGATIONS

46. Plaintiff brings this action pursuant to Florida Rules of Civil Procedure 1.220(b)(1)(B) and 1.220(b)(3), on behalf of herself and the Classes of similarly situated individuals defined as follows:

### CLASS

All Florida residents who, within two (2) years preceding the filing of this action through the date of class certification, were charged medical-related fees in excess of the amount allowed under Fla. Stat. § 627.736(5)(a)(4), by Defendant Mayo and/or a third party acting on Defendant's behalf.

### FDCPA SUBCLASS

All Florida residents who, within one (1) year preceding the filing of this action through the date of class certification, received correspondence from Defendant PSB attempting to collect medical-related fees in excess of the amount allowed under Fla. Stat. § 627.736(5)(a)(4).

*Plaintiff anticipates the need to amend the class definitions following appropriate discovery.*

**Answer:** Defendant denies that this action is maintainable as a class action, and denies Paragraph 46.

47. **Class Exclusions:** The following people are excluded from the Classes: 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and its current or former employees, officers and directors; 3) persons who properly execute and file a timely request for exclusion from the Classes; 4) the legal representatives, successors, or assigns of any such excluded persons; 5) Plaintiff's counsel and Defendants' counsel.

**Answer:** Defendant denies that this action is maintainable as a class action, and therefore denies the allegations of Paragraph 47.

48. **Numerosity (Rule 1.220(a)(1)):** Although Plaintiff does not know the exact size of the Classes, since said information is in the exclusive control of Defendants, it is evident that the Classes are so numerous that joinder of all members into one action is impracticable. Based upon the nature and scope of the conduct involved herein, and the information available from public records, Plaintiff states that the approximate number in these Classes is in excess of five hundred (500) putative members, who are most likely geographically dispersed throughout Florida.

**Answer:** Defendant denies that this action is maintainable as a class action, and denies that it has harmed anyone. Defendant therefore denies paragraph 48.

49. **Typicality (Rule 1.220(a)(3)):** Plaintiff's claims are typical of the claims that would be asserted by other members of the Classes in that, in proving her claims, Plaintiff

11

will simultaneously prove the claims of all Class members. Plaintiff and each Class member was charged an amount in excess of the amount legally permitted under Florida law. Plaintiff's claims are typical of those of all members of the Classes. Plaintiff and all members of the Classes were damaged by the same conduct of Defendants as complained of herein.

**Answer:** Defendant denies that this action is maintainable as a class action, and therefore denies Paragraph 49. Specifically, Defendant denies that Plaintiff's claims are typical of any other individual, as each individual's health treatment and insurance coverage is unique to that individual.

50. **Commonality (Rule 1.220(a)(2)):** Plaintiff's and Class members' claims raise predominantly factual and legal questions that can be answered for all Class members through a single Class-wide proceeding. Questions of law and fact arising out of Defendant's conduct are common to all members of the Classes, and such common issues of law and fact predominate over any questions affecting only individual members of the Classes. For example, to resolve the claims, it will be necessary to answer the following questions, each of which can be answered through common, generalized evidence:

(a) Whether Defendant Mayo violated the FCCPA by charging monies not owed; Whether Defendant PSB violated the FDCPA by charging monies not owed;

(b) Whether Plaintiff and the Class are entitled to statutory damages as a result of Defendants' actions;

(c) Whether the Plaintiff and the Classes are entitled to attorney's fees and costs; and

(d) Whether Defendants should be enjoined from engaging in such conduct in the future.

**Answer:** Defendant denies that this action is maintainable as a class action, and therefore denies Paragraph 50. Defendant specifically denies that common questions of law and fact predominate. In fact, to evaluate each purported class member's claim would require a specific factual review of that individual's medical bills, insurance coverage terms, and payments.

51. **Adequacy (Rule 1.220(a)(4)):** Plaintiff will fairly and adequately protect the interests of the Classes she represents because it is in her best interests to prosecute the claims alleged to obtain full redress due to her for the illegal conduct of which she complains. Her interests do not conflict with the interests of the respective Classes because one or more questions of law and/or fact regarding liability are common to all class members and by prevailing on her own claims, Plaintiff necessarily will establish liability to other class members. Plaintiff will fairly and adequately represent the interests of the Classes and has no interests that are antagonistic to the interests of Class members. Plaintiff has retained counsel experienced in class action litigation and complex civil litigation to prosecute this action on behalf of the Classes.

**Answer:** Defendant denies that if Plaintiff prevails that Plaintiff can establish liability to other purported class members. The questions of law and fact that apply to each purported class member differ, and therefore Plaintiff is not an adequate representative of other individuals. Defendant therefore denies paragraph 51.

52. **Superiority (Rule 1.220(b)(3)):** With respect to Florida Rule of Civil Procedure 1.220(b)(3), a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein, given that Common questions of law and fact predominate over any individual questions that may arise, and significant economies of time, effort and expense will inure to the benefit of the court and the parties in litigating the common issues on a Class-wide basis instead of a repetitive individual basis; many Class members' individual damage claims are

too small to make individual litigation an economically viable alternative, and few Class members have an interest in individually controlling the prosecution of a separate action; despite the relatively small size of many individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; given the size of individual Class members' claims, few Class members could afford to seek legal redress individually for the wrongs Defendants committed against them; when the liability of Defendants is adjudicated, claims of all members of the Classes can be determined by the Court; this action will facilitate the orderly and expeditious administration of the Classes' claims, economies of time, effort and expense will be fostered and uniformity of outcome will be ensured; without a class action, the Class members will continue to suffer damages and Defendants' violations of law will proceed without remedy while Defendants continue to reap and retain the proceeds of its wrongful conduct; and no unusual difficulties are likely to be encountered in the management of this class action. The forum is desirable because all parties are located in Duval County, Florida.

**Answer:** Defendant denies that this action is maintainable as a class action, and therefore denies paragraph 52. Defendant specifically denies that common questions of law or fact predominate. Defendant also denies that a class would provide judicial economies, because this court would be required to conduct a separate trial within a trial for each purported class member to establish the facts of the individual's claims.

53. **Ascertainability:** Members of the Classes can be identified, and Class membership ascertained objectively through Defendants' records.

**Answer:** Defendant admits that it can identify its patients, but Defendant denies that it can reasonably identify purported class members. Defendant would be required to review every single patient to determine whether the treatment was due to an auto-accident, conduct a legal analysis of the patient's insurance coverage, and then perform an analysis of the related bills and payments.

54. Plaintiff satisfies the numerosity, commonality, typicality, and adequacy prerequisites for suing as a representative party pursuant to Florida Rule of Civil Procedure 1.220(a).

**Answer:** Defendant denies the allegations of paragraph 54 for the reasons Defendant states above.

## COUNT – I
## VIOLATION OF FCCPA, FLA. STAT. §559.72(9)
*Defendant Mayo*

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 23 and 27 through 52 as if fully set forth herein.

Defendant incorporates herein its responses to all applicable paragraphs, as set forth above.

55. By asserting the right to, and attempting to collect from Plaintiff and the classes amounts in excess of those permitted by Florida law, Defendant Mayo claimed, attempted, or threatened to enforce a debt when Defendant Mayo knew that the debt was not legitimate, and asserted the existence of a legal right when Defendant Mayo knew that the right did not exist.

**Answer:** Denied.

56. Defendant Mayo therefore violated the FCCPA, Fla. Stat. § 559.72(9).

**Answer:** Denied.

57. As a direct and proximate result of Defendant Mayo's actions, Plaintiff suffered

15

damages.

**Answer:** Denied.

WHEREFORE, Defendant requests that this Court enter judgment in favor of Defendants and against Plaintiff and enter such other and further relief as the Court may deem to be just and proper.

### COUNT – II
### VIOLATION OF FCCPA, FLA. STAT. §559.72(9)
*Defendant PSB*

Count II is not directed to Defendant Mayo. To the extent that Defendant is required to respond, Defendant denies paragraphs 58 through 60.

### COUNT – III
### VIOLATION OF FDCPA, 15 U.S.C. §1692e(2)(a)
*Defendant PSB*

Count III is not directed to Defendant Mayo. To the extent that Defendant is required to respond, Defendant denies paragraphs 61 through 63.

### COUNT – IV
### VIOLATION OF FDCPA 15 U.S.C. §1692f(1)
*Defendant PSB*

Count IV is not directed to Defendant Mayo. To the extent that Defendant is required to respond, Defendant denies paragraphs 64 through 66.

### JURY TRIAL REQUEST

Plaintiff, individually, respectfully requests a jury trial on issues so triable.

**Answer:** Defendant admits that Plaintiff has requested a jury trial.

## DEFENDANT MAYO CLINIC JACKSONVILLE'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

At all times hereto, Defendant was in compliance with all applicable provisions of the FCCPA, and alternatively pleads that any alleged violations were not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid such error. Specifically, Defendant has policies and procedures to ensure compliance with all applicable laws and regulations, and trains its employees regarding such procedures. As such, Defendant is entitled to the safe harbor provision provided in section 559.77(3), of the Florida Statutes.

### Second Affirmative Defense

One or more claims asserted by Plaintiff are barred by laches, estoppel, waiver and/or unclean hands.

### Third Affirmative Defense

Plaintiff's claims are not properly maintainable as a class action because Plaintiff does not, and cannot, satisfy the requirements of Florida Rule of Civil Procedure 1.220. Plaintiff cannot establish that she was or is similarly situated to potential members of the class action and cannot meet her burden of satisfying the prerequisites of commonality, typicality, numerosity, and adequacy.

### Fourth Affirmative Defense

Defendant gives notice that it intends to rely upon such other defenses as may become available at law or pursuant to statute, or that may become known during any discovery proceedings in this case, and reserves the right to amend its answer and assert such defenses.

Dated this 18th day of March, 2019.

/s/ Christi A. Lawson
Christi A. Lawson
Florida Bar No. 0498351
Primary: clawson@foley.com
Secondary: yhibbert@foley.com
Foley & Lardner LLP
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801
clawson@foley.com
Tel. 407.244.3235
Fax 407.648.1743
James McKee
Florida Bar No. 0638218

Virginia R. Beeson
Florida Bar No. 1003406
Primary: vbeeson@foley.com
Secondary: bshelley@foley.com
Foley & Lardner LLP
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of March, 2019, the foregoing Answer and Affirmative Defenses to Complaint by Defendant, Mayo Clinic Jacksonville, was filed with the Florida Court's ePortal and served on all counsel of record.

ZEBERSKY PAYNE, LLP
*Counsel for Plaintiff*
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email:   jshaw@zpllp.com
                 kslaven@zpllp.com
Secondary E-mail: mperez@zpllp.com
                 jgarcia@zpllp.com

/s/ Christi A. Lawson
Christi A. Lawson
Florida Bar No. 0498351
Foley & Lardner LLP
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801
clawson@foley.com
Tel. 407.244.3235
Fax 407.648.1743