Filing # 83117743 E-Filed 01/09/2019 06:14:58 PM

IN THE CIRCUIT COURT FOR THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY FLORIDA

Case No. 2019-CA-000218
CLASS REPRESENTATION
CV-E

NATLIE KUHR, on behalf of
herself and all other similarly
situated,,

     Plaintiff,

-vs-

MAYO        CLINIC
JACKSONVILLE, a Florida not
for profit corporation, and
PROFESSIONAL    SERVICE
BURBAU, INC., a foreign
corporation

     Defendants.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, NATALIE KUHR (hereinafter "Plaintiff") hereby sues Defendant, MAYO

CLINIC JACKSONVILLE (hereinafter "Mayo") and Defendant PROFESSIONAL SERVICE

BUREAU, INC. (hereinafter "PSB") (hereinafter collectively "Defendants"), for damages, and

other legal and equitable remedies, resulting from Defendants' violations of the Florida

Consumer Collection Practices Act (hereinafter "FCCPA") and the Fair Debt Collection

Practices Act (hereinafter "FDCPA").

## INTRODUCTION

1.     According to a 2016 Kaiser Family Foundation and New York Times survey, one

(1) out of every five (5) Americans *with health insurance* have unmanageable medical debts.

[1763747/1]          1

2.      Plaintiff brings this action seeking damages against Defendants for abusive and illegal medical-debt collection practices. Specifically, Defendant Mayo billed and collected every dollar it was entitled to from Plaintiff's insurance company, and then attempted to collect the remainder, and in excess of the amount permitted by Florida Law, directly from Plaintiff individually.

## PARTIES, JURISDICTION, AND VENUE

3.      This is an action for damages in excess of $15,000.00, exclusive of attorneys' fees and costs.

4.      Plaintiff is a natural person and citizen of the state of Florida, residing in Duval County, Florida.

5.      Defendant Mayo is a Florida not for profit corporation with its principle place of business in Duval County, Florida.

6.      Defendant PSB is a foreign not for profit corporation with its principle place of business in Anoka, Minnesota.

7.      Venue is proper in this court because the events or omissions giving rise to Plaintiff's claims occurred in Duval County, Florida.

8.      Plaintiff is a "consumer" as defined by the FCCPA.

## LEGAL BACKGROUND

a.      FLORIDA'S PERSONAL INJURY PROTECTION ("PIP") LAWS

9.      Fla. Stat. § 627.736 states that an insurer may limit reimbursement to the schedule of maximum charges.

10.     For emergency services and care provided by a hospital, the maximum reimbursement is eighty percent (80%) of seventy-five percent (75%) of the hospital's usual and customary charge.

11.     For example, if a hospital bills the insurance three hundred dollars ($300.00) ("Billed Amount"), the insurer is only required to pay one hundred eighty dollars ($180.00).

12.     Similarly, pursuant to Fla. Stat. § 627.736, Plaintiff is only responsible for twenty percent (20%) of seventy-five percent (75%) of the hospital's usual and customary charge.

13.     In other words, Plaintiff is only responsible for the difference between the amount allowed by the appropriate schedule of maximum charges and the amount paid by her PIP insurer, State Farm Mutual Automobile Insurance Company.

14.     In the above example, that amount would be forty-five dollars and 00/100 ($45.00).

15.     Attempts to bill more than twenty percent (20%) of the schedule of maximum charges, including attempts to bill the balance between the Billed Amount and the amount paid by the insurer pursuant to Fla Stat. § 627.736, are considered balance billing.

16.     Balance billing is prohibited. *See* Fla. Stat. § 627.736(5)(a)(4).

b.      **FLORIDA CONSUMER COLLECTION PRACTICES ACT.**

17.     The FCCPA, Fla. Stat. § 559.72 *et. seq*, was adopted to reinforce the consumer rights established by federal law for individuals who owe money to others.

18.     The FCCPA does not limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act (hereinafter "FDCPA") to consumer collection practices in this state, but rather, is in addition to the requirements and regulations of the federal act.

19.   In the event of any inconsistency between the FCCPA and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail.

20.   The FCCPA applies to all persons trying to collect monies from consumers, this includes original creditors and debt collectors.

21.   The FCCPA, Fla. Stat. § 559.72(9), states, *inter alia*:

> In collecting consumer debts, no person shall: "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."

22.   The FCCPA, prohibits the collection of amounts that are not agreed to by contract or expressly provided for by law.

23.   In fact, the United States Eleventh Circuit Court of Appeals expressly held that to determine whether a violation exists under the FCCPA, Fla. Stat. § 559.72(9), courts must refer to other statutes that establish the legitimacy of the debt and define legal rights—statutes like Fla Stat. § 627.736. [1]

### c.   FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692 ET SEQ.

24.   The FDCPA, was adopted to regulate the practices and tactics of corporations engaged in the collection of debts for others.

25.   Among other prohibitions, the FDCPA specifically prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" (*see* 15 U.S.C. § 1692f(1)) and "The false representation of. . .the character, amount, or legal status of any debt". *See* 15 U.S.C. § 1692e(2)(a).

---

[1] *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1126 (11th Cir. 2004) (citations omitted); *Groves v. U.S. Bank,* 23 Fla. L. Weekly Fed. D 261 (U.S. M.D. Fla. 2011).

26.    Importantly, the FDCPA is a strict liability statute and the consumer need not show that the violation was knowing or intentional.[2]

## FACTUAL ALLEGATIONS

27.    Plaintiff received medical treatment from Defendant Mayo.

28.    Defendant Mayo billed Plaintiff's PIP insurer, State Farm Mutual Automobile Insurance Company for services rendered on or about August 13, 2017.

29.    Plaintiff's PIP insurer, State Farm Mutual Automobile Insurance Company, pursuant to Fla. Stat. § 627.736, paid at least eighty percent (80%) of seventy-five percent (75%) of the usual and customary charge.

30.    Indeed, Plaintiff's PIP insurer paid one hundred percent (100%) of seventy-five percent (75%) of Defendant's usual and customary charge because Plaintiff's policy of insurance carries medical payments coverage.

31.    Medical payments coverage is an additional coverage type which requires the insurer, in this case State Farm Mutual Automobile Insurance Company, to pay the remaining twenty percent (20%).

32.    Therefore, Plaintiff's maximum liability was zero dollars ($0.00) because her PIP insurer was required to and did pay one hundred percent (100%) of seventy-five percent (75%) of the hospital's usual and customary charge.

33.    However, without medical payments coverage, Plaintiff's liability would have been at most twenty percent (20%) of seventy-five percent (75%) of Defendant's usual and customary charge.

---

[2] *Pollack v. Bay Area Credit Serv., L.L.C.*, 2009 WL 2475167 (S.D. Fla. Aug. 13, 2008).

34.     Defendant Mayo had actual knowledge that it was entitled to collect only a limited additional amount from Plaintiff, if any at all.

35.     Indeed, on April 9, 2018, Plaintiff's PIP insurer State Farm Mutual Automobile Insurance Company sent Defendant Mayo correspondence informing it that "100% of the reasonable amount" had already been paid. *See* State Farm Mutual Automobile Insurance Company Correspondence to Defendant Mayo attached hereto as **Exhibit A**.

36.     Defendant Mayo, however, wanted more, and despite knowing that it was not entitled to do so, "balance billed" Plaintiff for the difference between the Billed Amount and the amount State Farm Mutual Automobile Insurance Company paid pursuant to Fla. Stat. § 627.736. *See* Defendant Mayo Bills attached hereto as **Composite Exhibit B**.

37.     In addition, and after their own illegal collection attempts failed, Defendant Mayo referred Plaintiff to Defendant PSB.

38.     Once again, on April 10, 2018, Plaintiff's PIP insurer State Farm Mutual Automobile Insurance Company, sent Defendant PSP correspondence informing it that "100% of the reasonable amount" had already been paid. *See* State Farm Mutual Automobile Insurance Company Correspondence to Defendant PSB attached hereto as **Exhibit C**.

39.     Defendant PSB sent Plaintiff correspondence on two (2) occasions: (1) May 10, 2018, and (2) June 28, 2018, seeking to collect the illegitimate debt. *See* Defendant PSB Bills attached hereto as **Composite Exhibit D**.

40.     The alleged debt is a consumer debt, incurred for personal, family, or household purposes.

41.     Defendants are familiar with Florida's PIP restrictions and had actual knowledge that this debt was illegitimate.

42.    Defendants continue their collection effort against Plaintiff, despite knowing that the debt is illegitimate and violative of Fla. Stat. 627.736(5)(a)(4).

43.    Defendants' conduct has deprived Plaintiff and the Class of monies rightfully due to them.

44.    All conditions precedent to the filing of this action have occurred or have been waived.

45.    As a result, Plaintiff has suffered Damages.

### CLASS REPRESENTATION ALLEGATIONS

46.    Plaintiff brings this action pursuant to Florida Rules of Civil Procedure 1.220(b)(1)(B) and 1.220(b)(3), on behalf of herself and the Classes of similarly situated individuals defined as follows:

### CLASS

All Florida residents who, within two (2) years preceding the filing of this action through the date of class certification, were charged medical-related fees in excess of the amount allowed under Fla. Stat. § 627.736(5)(a)(4), by Defendant Mayo and/or a third party acting on Defendant's behalf.

### FDCPA SUBCLASS

All Florida residents who, within one (1) year preceding the filing of this action through the date of class certification, received correspondence from Defendant PSB attempting to collect medical-related fees in excess of the amount allowed under Fla. Stat. § 627.736(5)(a)(4).

*Plaintiff anticipates the need to amend the class definitions following appropriate discovery.*

47.    **Class Exclusions:** The following people are excluded from the Classes: 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and its current or former employees, officers and directors; 3) persons who properly execute and file a timely request for exclusion from the

Classes; 4) the legal representatives, successors, or assigns of any such excluded persons; 5) Plaintiff's counsel and Defendants' counsel.

48.    **Numerosity (Rule 1.220(a)(1)):** Although Plaintiff does not know the exact size of the Classes, since said information is in the exclusive control of Defendants, it is evident that the Classes are so numerous that joinder of all members into one action is impracticable. Based upon the nature and scope of the conduct involved herein, and the information available from public records, Plaintiff states that the approximate number in these Classes is in excess of five hundred (500) putative members, who are most likely geographically dispersed throughout Florida.

49.    **Typicality (Rule 1.220(a)(3)):** Plaintiff's claims are typical of the claims that would be asserted by other members of the Classes in that, in proving her claims, Plaintiff will simultaneously prove the claims of all Class members. Plaintiff and each Class member was charged an amount in excess of the amount legally permitted under Florida law. Plaintiff's claims are typical of those of all members of the Classes. Plaintiff and all members of the Classes were damaged by the same conduct of Defendants as complained of herein.

50.    **Commonality (Rule 1.220(a)(2)):** Plaintiff's and Class members' claims raise predominantly factual and legal questions that can be answered for all Class members through a single Class-wide proceeding. Questions of law and fact arising out of Defendant's conduct are common to all members of the Classes, and such common issues of law and fact predominate over any questions affecting only individual members of the Classes. For example, to resolve the claims, it will be necessary to answer the following questions, each of which can be answered through common, generalized evidence:

(a) Whether Defendant Mayo violated the FCCPA by charging monies not owed;

(b) Whether Defendant PSB violated the FDCPA by charging monies not owed;

(c) Whether Plaintiff and the Class are entitled to statutory damages as a result of Defendants' actions;

(d) Whether the Plaintiff and the Classes are entitled to attorney's fees and costs; and

(e) Whether Defendants should be enjoined from engaging in such conduct in the future.

51.     **Adequacy (Rule 1.220(a)(4)):** Plaintiff will fairly and adequately protect the interests of the Classes she represents because it is in her best interests to prosecute the claims alleged to obtain full redress due to her for the illegal conduct of which she complains. Her interests do not conflict with the interests of the respective Classes because one or more questions of law and/or fact regarding liability are common to all class members and by prevailing on her own claims, Plaintiff necessarily will establish liability to other class members. Plaintiff will fairly and adequately represent the interests of the Classes and has no interests that are antagonistic to the interests of Class members. Plaintiff has retained counsel experienced in class action litigation and complex civil litigation to prosecute this action on behalf of the Classes.

52.     **Superiority (Rule 1.220(b)(3)):** With respect to Florida Rule of Civil Procedure 1.220(b)(3), a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein, given that Common questions of law and fact predominate over any individual questions that may arise, and significant economies of time, effort and expense will inure to the benefit of the court and the parties in litigating the common issues on a Class-wide basis instead of a repetitive individual basis; many Class members' individual damage

claims are too small to make individual litigation an economically viable alternative, and few Class members have an interest in individually controlling the prosecution of a separate action; despite the relatively small size of many individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; given the size of individual Class members' claims, few Class members could afford to seek legal redress individually for the wrongs Defendants committed against them; when the liability of Defendants is adjudicated, claims of all members of the Classes can be determined by the Court; this action will facilitate the orderly and expeditious administration of the Classes' claims, economies of time, effort and expense will be fostered and uniformity of outcome will be ensured; without a class action, the Class members will continue to suffer damages and Defendants' violations of law will proceed without remedy while Defendants continue to reap and retain the proceeds of its wrongful conduct; and no unusual difficulties are likely to be encountered in the management of this class action. The forum is desirable because all parties are located in Duval County, Florida.

53.   **Ascertainability:** Members of the Classes can be identified, and Class membership ascertained objectively through Defendants' records.

54.   Plaintiff satisfies the numerosity, commonality, typicality, and adequacy prerequisites for suing as a representative party pursuant to Florida Rule of Civil Procedure 1.220(a).

## COUNT – I
## VIOLATION OF FCCPA, FLA. STAT. § 559.72 (9)
*Defendant Mayo*

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 23 and 27 through 52 as if fully set forth herein.

55.    By asserting the right to, and attempting to collect from Plaintiff and the classes amounts in excess of those permitted by Florida law, Defendant Mayo claimed, attempted, or threatened to enforce a debt when Defendant Mayo knew that the debt was not legitimate, and asserted the existence of a legal right when Defendant Mayo knew that the right did not exist.

56.    Defendant Mayo therefore violated the FCCPA, Fla. Stat. § 559.72(9).

57.    As a direct and proximate result of Defendant Mayo's actions, Plaintiff suffered damages.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant Mayo for statutory damages of one thousand dollars and 00/100 ($1,000.00) pursuant to Fla. Stat. § 559.77(2); actual damages; reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77(2); and such other and further relief as the Court may deem to be just and proper.

## COUNT – II
## VIOLATION OF FCCPA, FLA. STAT. § 559.72 (9)
*Defendant PSB*

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 23 and 27 through 52 as if fully set forth herein.

58.    By asserting the right to, and attempting to collect from Plaintiff and the classes amounts in excess of those permitted by Florida law, Defendant PSB claimed, attempted, or

threatened to enforce a debt when Defendants knew that the debt was not legitimate, and asserted the existence of a legal right when Defendant knew that the right did not exist.

59.     Defendant PSB therefore violated the FCCPA, Fla. Stat. § 559.72(9).

60.     As a direct and proximate result of Defendant PSB's actions, Plaintiff suffered damages.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant PSB for statutory damages of one thousand dollars and 00/100 ($1,000.00) pursuant to Fla. Stat. § 559.77(2); actual damages; reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77(2); and such other and further relief as the Court may deem to be just and proper.

<b>COUNT – III</b><br>
<b>VIOLATION OF FDCPA, 15 U.S.C. § 1692e(2)(a)</b><br>
<i>Defendant PSB</i>

Plaintiff reaffirms, realleges, and incorporates by reference Paragraph 1 through 16 and 24 through 52 as if fully set forth herein.

61.     By asserting the right to, and attempting to collect from Plaintiff debts that Plaintiff did not owe, Defendant PSB falsely represented. . .the character, amount, or legal status of the debt.

62.     Defendant PSB therefore violated 15 U.S.C. 1692e(2)(a), and is strictly liable for such violation.

63.     As a direct and proximate result of Defendant PSB's actions, Plaintiff suffered damages.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant PSB for statutory damages of one thousand dollars and 00/100

($1,000.00) pursuant to 15 U.S.C. § 1692k; actual damages; reasonable attorney's fees and litigation costs; and such other and further relief as the Court deems proper.

<u>**COUNT – IV**</u>
<u>**VIOLATION OF FDCPA 15 U.S.C. § 1692f(1)**</u>
*Defendant PSB*

Plaintiff reaffirms, realleges, and incorporates by reference Paragraph 1 through 16 and 24 through 52 as if fully set forth herein.

64.     By asserting the right to, and attempting to collect from Plaintiff debts that Plaintiff did not owe, Defendant PSB attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law

65.     Defendant PSB therefore violated 15 U.S.C. § 692f(1), and is strictly liable for such violation.

66.     As a direct and proximate result of Defendant PSB's actions, Plaintiff suffered damages.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant PSB for statutory damages of one thousand dollars and 00/100 ($1,000.00) pursuant to 15 U.S.C. § 1692k; actual damages; reasonable attorney's fees and litigation costs; and such other and further relief as the Court deems proper.

<u>**JURY TRIAL REQUEST**</u>

Plaintiff, individually, respectfully requests a jury trial on issues so triable.

[THIS SPACE LEFT INTENTIONALLY BLANK]

[1763747/1]                                    13

Respectfully submitted this ___ day of January, 2019, by:

> ZEBERSKY PAYNE SHAW LEWENZ, LLP
> 110 SE 6th Street, Suite 2150
> Fort Lauderdale, FL 33301
> Telephone: (954) 989-6333
> Facsimile: (954) 989-7781
> Primary: jshaw@zpllp.com;
> kslaven@zpllp.com
> Secondary: mpercz@zpllp.com;
> jgarcia@zpllp.com
>
> By: _____
> JORDAN A. SHAW, ESQ.
> Florida Bar No.: 117771
> KIMBERLY A. SLAVEN, ESQ.
> Florida Bar. No.: 117964